ROBERT BRADFORD, Plaintiff in Error, v. JOHN T. JONES, Executor of Michael Jones, deceased, Defendant in Error.

ERROR TO GALLATIN.

In a suit against an executor, after the expiration of two years from the date of his letters testamentary, upon a demand which had not been presented for allowance within that time, the judgment should direct the levy to be made out of property belonging to the estate which has not been inventoried, whether found previous or subsequent to the judgment.

THIS was an action of *debt*, commenced by Bradford against John T. Jones, executor of Michael Jones, deceased, in the Gallatin Circuit Court, on the 7th of Nov., 1849, upon a note executed by his testator.

The general issue was pleaded with notice of several special matters, among which was this: that the note sued upon "was never exhibited and allowed in pursuance of law against the estate of said Michael Jones, deceased, within two years from the time of granting letters to the defendant.

By consent, the matters of law and fact were tried by the court, MARSHALL, Judge, presiding, without the intervention of a jury, at July term, 1853.

The amended notice of special matter shows that on the 9th of January, 1845, the last will and testament of Michael Jones was proven in the Probate Court of Gallatin county, and that on the same day letters testamentary were granted to the defendant.

The court found the issue upon the statute of limitations for the defendant, and that the plaintiff recover his debt and damages and costs, "to be levied and made of the estate of said Michael Jones, deceased, which may hereafter be found not inventoried or accounted for by the said defendant, as executor as aforesaid, at this time, according to the statute in such case made and provided."

This judgment the plaintiff assigns for error.

N. L. FREEMAN, for Plaintiff in Error.

OLNEY, for Defendant in Error.

CATON, J. This suit was brought against an executor after the expiration of two years from the time letters testamentary were granted, and upon a demand which had not been presented for allowance within that time. The Circuit Court gave judgment for the plaintiff, " To be levied and made of the estate of

the said Michael Jones, deceased, which may hereafter be found not inventoried or accounted for by the said defendant as executor as aforesaid, at this time, according to the statute in such case made and provided."

This portion of the judgment is assigned for error, because it restricts the plaintiff to obtain satisfaction of his judgment out of property belonging to the estate, which should be found subsequent to the rendition of the judgment. We think the error is well assigned. The language of the statute is: "And all demands not exhibited within two years shall be forever barred, unless such creditor shall find other estate of the deceased not inventoried or accounted for by the executor or administrator." It has already been decided that this statute is not an absolute bar to the recovery of a judgment, but that it must be a special judgment, the satisfaction of which can only be sought from property belonging to the estate subsequently discovered. *Thorn* v. *Wolson,* 5 Gilman 26. We are now called upon to determine with more precision what property falls within this discription. Upon this point we think the meaning of the statute is very plain. The law requires the executor or administrator to make out and file with the Probate Court an inventory of the estate, both real and personal, which shall come to his possession or knowledge. R. S. 554, Sec. 81. And by Sec. 89 he is required to file further inventories of debts and liabilities as occasion may require, so that the records of the Probate Court may present as fully the condition of the estate as is known to the executor or administrator. It was evidently the intention of the statute to allow debtors, who had neglected to present their claims against the estate within the two years, to seek satisfaction out of any property belonging to the estate which had not been thus inventoried, and which they can find and thus apply, assuming, as the law might well assume, that the inventories would show all, of which the executor or administrator had any knowledge. It is a matter of no moment, and can make no difference with the debtor's rights, whether the estate not inventoried is discovered before or after he obtains his judgment, or even the commencement of his suit, or even whether he himself first finds such property. The test prescribed by the statute is, whether it has been inventoried or accounted for by the executor or administrator. If it has not been, and he can find or get hold of it, he is entitled to have it applied to the payment of his debt, in the mode pointed out by the statute. It was urged in argument that the object of the statute was to stimulate the vigilance of the creditor to find other property of the estate, and to reward such vigilance by allowing him to seek satisfaction out of such as he alone should

discover; and if the executor or administrator, or any one else, should discover the property before him, he should have no right to resort to it. This would present an impracticable issue, and one not contemplated by the law. Of course he cannot seek satisfaction out of such subsequently discovered estate till he finds or discovers it. In many, if not in most cases, such property must be in the knowledge of somebody, and possibly in the knowledge of the executor or administrator; but when the debtor discovers or finds it, the law has secured him the benefit of it. It then becomes subsequently discovered estate within the meaning and language of the law.

The judgment of the Circuit Court must be reversed and the cause remanded, with directions to that court to enter a judgment conformable to the principle here laid down.

*Judgment reversed.*