## GEORGE A. KITTREDGE
### *v.*
## CHARLES W. NICHOLES *et al.*

*Filed at Ottawa May 12, 1896—Rehearing denied October 9, 1896.*

1. EXECUTORS AND ADMINISTRATORS —*foreclosure of a mortgage against lands of decedent not barred in two years.* The right to foreclose a deed of trust against lands of a deceased person is not barred by failure to exhibit the claim to the probate court for allowance within two years after letters are granted, under the statute providing that all demands not so exhibited shall be forever barred unless the creditors shall find other estate not inventoried or accounted for.

2. ESTOPPEL—*does not arise against a mortgagee suffering default in proceeding to sell mortgaged land to pay debts.* A trustee in a trust deed and the holder and owner of the note secured thereby are not estopped from foreclosing by appearing and allowing a default in proceedings to sell the land to pay the debts of the deceased mortgagor, where their rights were set out in the petition to sell and the decree protects such interests.

*Kittredge* v. *Nicholes,* 60 Ill. App. 604, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

L. S. HODGES, for appellant:

Where the debt (the principal thing) is gone the incident (the mortgage) is gone also, and a foreclosure in any mode cannot then be had. *Pollock* v. *Maison,* 41 Ill. 517; *Harris* v. *Mills,* 28 id. 44.

This rule applies also to trust deeds. *Insurance Co.* v. *White,* 106 Ill. 67; *Fitch* v. *Wetherbee,* 110 id. 475.

The existence of the debt for the securing of which a mortgage is given is essential to the life of the mortgage, and when the debt is extinguished, paid, discharged, released or barred by the Statute of Limitations the mortgage is gone. *Emory* v. *Keighan,* 88 Ill. 482.

Complainânt's demand is within the seventh paragraph of section 70, chapter 3, and failure to present the claim as there provided is a bar to the foreclosure of the mortgage, and the debt is thereby extinguished except as to after-discovered assets. *Graham* v. *Vinning*, 1 Tex. 639, and 2 id. 433; *Clark* v. *Davis*, 32 Mich. 154; *Pulliam* v. *Pulliam*, 10 Fed. Rep. 75; *Carpenter* v. *Murphy*, 57 Wis. 541; *Cooper* v. *Lyons*, 77 Tenn. 596 ; Jones on Mortgages, 1214, note; *Schiel* v. *Carvillo*, 42 Cal. 493; *Duty* v. *Graham*, 12 Tex. 427; *Gaston* v. *Boyd*, 52 id. 282; *Hall* v. *Bumsted*, 20 Pick. 2; *People* v. *Brooks*, 22 Ill. App. 594; *Bush* v. *Adams*, 22 Fla. 177; *Bromwell* v. *Schubert*, 40 Ill. App. 32.

The question has not been directly passed upon by our Supreme Court, but in collateral questions it has been affirmatively recognized. *Curry* v. *Mack*, 90 Ill. 606; *House* v. *Trustees*, 83 id. 368; *Mulvey* v. *Johnson*, 90 id. 457 ; *People* v. *Gray*, 72 id. 343; *Thorne* v. *Watson*, 5 Gilm. 29.

BROWN & SNYDER, for appellees:

The statute does not bar a claim not presented within two years, but it simply bars the right to claim a distributive share or participation in the property actually inventoried during that period. *Judy* v. *Kelley*, 11 Ill. 211; *Bradford* v. *Jones*, 17 id. 93; *Peacock* v. *Haven*, 22 id. 23; *Sloo* v. *Pool*, 15 id. 47.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This was a bill to foreclose a trust deed executed July 20, 1880, by William C. Gibbons and Ellen Gibbons, his wife, to Daniel C. Nicholes, trustee, on a certain tract of land in Cook county, to secure a promissory note which they executed on the same date, for $500, payable to the order of Sydney L. Darrow in three years after date, with interest at the rate of eight per cent per annum, payable semi-annually. The trust deed was properly acknowledged by the grantors therein, and on the 12th

day of August, 1880, recorded in the recorder's office of Cook county.

William C. Gibbons died in Chicago February 27, 1883, and letters of administration upon his estate were granted to Ellen Gibbons, his widow, August 6, 1883, by the probate court of Cook county. The real estate conveyed by the trust deed was inventoried by the administratrix as part of the assets of Gibbons' estate, within two years after the date of her letters of administration, but the indebtedness represented by the note and trust deed was not presented as a claim against the estate in the probate court of Cook county or elsewhere. It is not claimed that the debt secured by the deed of trust was ever paid, but two of the defendants to the bill set up in their answer, as a defense, that Ellen Gibbons, administratrix of the estate of W. C. Gibbons, by proper proceeding in the probate court of Cook county, in pursuance of the statute in that behalf, caused the premises in the trust deed to be sold to pay debts, to which proceeding Sydney L. Darrow and Daniel C. Nicholes, above named, were made parties and entered their appearance but suffered a default, and said premises were sold free from the lien of said trust deed, if any there was. Defendants, further answering, state that all rights which complainants may ever have had, either in their own right or otherwise, were barred by the Statute of Limitations.

It is claimed in the argument that appellees cannot maintain a bill to foreclose the deed of trust upon two grounds: First, they are barred because the claim was not exhibited to the probate court for allowance within two years from the time letters of administration were granted on the estate of William C. Gibbons, deceased; second, because the appearance of Darrow, the holder of the note, and Nicholes, the trustee, in the proceedings to sell real estate to pay debts by the administratrix of the estate of Gibbons and consenting that their default be entered, operated as an estoppel in this suit.

The seventh clause of section 70, chapter 3, of Hurd's Statutes of 1895, provides: "All other debts and demands, of whatever kind, without regard to quality or dignity, shall be exhibited to the court within two years from the granting of letters, as aforesaid, and all demands not exhibited within two years, as aforesaid, shall be forever barred, unless the creditors shall find other estate of the deceased not inventoried or accounted for by the executor or administrator." This statute has been in force in this State for a number of years, but it has never been understood that it was intended to operate as an absolute bar to a recovery on a claim which was not exhibited to the probate court within two years from the granting of letters. Where a claim has not been exhibited within two years, the party holding the claim may bring an action upon it and recover judgment, but the judgment can only be satisfied out of property belonging to the estate which has not been inventoried. (*Bradford* v. *Jones*, 17 Ill. 93; *Judy* v. *Kelley*, 11 id. 211.) In other words, under the statute a party who fails to exhibit his claim to the probate court within two years is prohibited from sharing in a division of the assets of the estate which were inventoried as provided by the statute. Here, Sydney L. Darrow, the holder of the note against William C. Gibbons, secured by deed of trust on real estate, had two remedies for the collection of his debt. One was an ordinary action at law on the note; the other, a bill in equity to foreclose the mortgage. He was at liberty to resort to these remedies separately, or both might be maintained at the same time, as the creditor might elect. The right to sue at law on the note and the right to foreclose the mortgage or deed of trust were concurrent rights, and these rights remained the same after the death of Gibbons. (*Furness* v. *Union Nat. Bank*, 147 Ill. 570.) Upon the death of Gibbons, Darrow, the holder of the note and deed of trust, was at liberty, if he desired, to probate his note against the estate in the probate

court, or he might decline to pursue that course and rely solely upon his deed of trust. The fact that he failed to exhibit his claim in the probate court within two years after letters of administration were granted had no effect whatever on his right to pursue the other remedy conferred by law,—the right to foreclose the deed of trust.

The second position relied upon is, that the trustee in the trust deed, Daniel C. Nicholes, and the legal holder and owner of the note, Sydney L. Darrow, by entering their appearance and allowing a default in the proceedings to sell real estate to pay the debts of William C. Gibbons, are now estopped from bringing this suit to foreclose the trust deed. In a chancery proceeding, as a general rule, a default admits all the material allegations of the bill well pleaded, and when the allegations are taken as true and as confessed, a decree entered upon such a bill may be regarded as conclusive as to the allegations of the bill well pleaded, so far as they affect the interest of the defaulted defendant. But upon looking into the record it will be found that neither the bill nor the decree contains any matter or thing which bars or precludes appellees from asserting their rights under the trust deed. On the other hand, their rights under the deed of trust are set out in the petition to sell real estate and protected in the decree. In the petition to sell real estate it is alleged "that on the 20th day of July, 1880, the said William C. Gibbons and Ellen Gibbons, his wife, made their certain trust deed of said lot 12 to Daniel C. Nicholes, as trustee, to secure a note of $500, payable to the order of Sydney L. Darrow, which said trust deed is still outstanding, and that the said Daniel C. Nicholes, as trustee, and Sydney L. Darrow, as the holder of said note for $500, have a claim against the above described lot 12." Under this allegation the claim of appellees was fully set out, and an answer setting up the note and deed of trust was not required. Moreover, the court, in its decree, made a finding of facts

in favor of appellees, as follows: "The court finds that the interest of the defendant Daniel C. Nicholes is that of a trustee in a certain trust deed on said above described lot 12, made by William C. Gibbons and Ellen Gibbons, his wife, on the 20th day of July, 1880, to secure a certain note for $500, payable to the order of Sydney L. Darrow, and that the interest of the said Sydney L. Darrow is that of the legal holder of said note for $500." Under the allegations of the petition and the findings of the decree appellees are in no manner precluded from foreclosing the deed of trust.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*