JAMES WELCH, administrator of Moses J. Wallace, deceased, appellant, *v.* DAVID WALLACE, appellee.

### *Appeal from Hancock.*

A party appealing from a decision of the Probate Court allowing a claim, who neglects to tender a bill of exceptions as required by law, cannot object, in the Supreme Court for the first time, to the want of jurisdiction in the Circuit Court by reason of such neglect on his part.

A judgment for costs was rendered against the goods, &c., of an intestate in the hands of an administrator, &c., in the Circuit Court on an appeal from the decision of the Probate Justice, allowing a claim against the estate of the intestate: *Held,* that in the absence of proof to the contrary, the presumption was, that the claim was filed in due time, and that the estate was, consequently, liable for the costs of establishing it.

It is erroneous to award execution on a judgment against an estate of one deceased, which is founded a claim exhibited and allowed against it. The recovery of the judgment only establishes the debt of the creditor. The proper judgment in such a case is, for the amount of the debt and costs, to be paid in the due course of administration.

THIS was a proceeding originally commenced before the Probate Justice of Hancock county, to prove a claim in favor of the appellee against the estate of Moses J. Wallace, deceased, which was allowed. The administrator appealed to the Circuit Court of said county, and a trial was had before the Hon. Norman H. Purple and a jury, at the May term 1846, when a verdict was rendered in favor of the claimant for $255.

The Court then entered the following judgment:

"Whereupon it is ordered by the Court, that the said plaintiff have and recover the sum of $255, the sum so found by the jury aforesaid, together with costs by him in this behalf expended, as well in the Court below as in this Court, and that he have execution therefor against the goods and chattels and effects in the said administrator's hands, to be administered in the due course of administration," from which the administrator appealed.

The cause was submitted in this Court on the written arguments of counsel.

Welch, adm'r, *v.* Wallace.

*W. A. Minshall,* for the plaintiff in error, contended,

1.  That the Circuit Court had not jurisdiction of the case, because no bill of exceptions to the decision of the Probate Justice was given.

Where the Court has no jurisdiction, an agreement of parties cannot give it. *Lindsey* v. *McClelland,* 1 Bibb, 262; *Bent* v. *Graves,* 3 McCord, 280; *Foley* v. *The People,* Bre. 31; 2 U. S. Dig., title *"Jurisdiction,"* 675.

A person being in Court does not authorize a judgment to be entered against him, much less against an estate which he may represent, unless he be in Court by legal means in a legal manner. *Jones* v. *Kenny,* Hardin, 96.

2.  A judgment cannot be rendered against an administrator for costs to be paid out of the estate. Rev. Code, 1833, 648, § 112; Ibid. 658, § 5, of the supplemental Act.

3.  It was error to award execution on the judgment. *Burnap* v. *Dennis,* 3 Scam. 483.

*O. C. Skinner, O. H. Browning & N. Bushnell,* for the defendant in error.

The fourth error questions the power of the Court to enter a judgment in such a case. Of this, however, there can be no doubt, on reference to the various sections of the law relating to the proceedings in such cases before the Court of Probate, appeals, and proceedings in the Circuit Court. Rev. Code, 1833, 643, § 95; Ibid. 648, §§ 111–14; Ib. 656, § 1; Rev. Stat. 556, § 95, Ibid. 561, §§ 116–19, Ib. 564, § 138; Ib. 429, § 20; Ib. 325, § 66; Ib. 473, § 38.

The second error questions the act of the Court in entering judgment against the administrator, as such, for costs.

The law requires that all proceedings should be had in pursuance of the Revised Statutes, 473, § 38. They provide two modes in which the creditor of an intestate may proceed to establish his claim, either by availing himself of the notice to be given by the administrator, in pursuance of the Revised Statutes, 556, § 95, or by giving notice of his claim to the administrator, as specified in said section, "as is now required by law," and which expression is within the spirit

and meaning of the words "was now in force," in the 35th section, on page 473, and which, therefore, means as is provided in the laws in force at the time the Revised Statutes went into effect, and which was by serving a notice of such claim on the administrator, or presenting them the account, or filing it with the Probate Court; Rev. Code, 1833, 648, § 11; and which mode has also been provided for in nearly the same terms in the Revised Statutes of 1845, 561, §§ 116, 118. Now, in whichever way the party proceeds to have his claim adjusted, if his claim is filed in the Probate office within the time fixed by the administrator for the adjustment of accounts against the estate, as provided for in the said 95th section, on page 556, of the Revised Statutes, he is entitled to have his costs paid out of the estate. Whether, therefore, the Court erred in rendering judgment against the administrator for the costs of the claimant in establishing his claim, to be paid in due course of administration, depends upon whether this claim was so filed before or after that time; that is, it depends on what the evidence was on that point. If the evidence below showed that the claim was filed before or at that time, the judgment for costs was correct; if the evidence showed that the claim was filed after that time, then the judgment for costs was erroneous. But if the plaintiff in error relied on an error arising on the facts, he should have preserved those facts in a bill of exceptions. As he has not done so, and as the Court can see that the facts might have been such as to authorize the judgment for costs, how can the Court say there was error in this particular? The costs referred to in the 101st section, page 558, of the Revised Statutes, relate to suits commenced in the regular way after the year has expired, and not to cases filed against the estate in pursuance of the statute within the year.

The third error excepts to the judgment of the Court in awarding execution.

This suit was pending in the Circuit Court at the time the Revised Statutes went into effect. By a provision of those statutes already referred to, (p. 473, § 38,) the proceedings in suits then pending must be conformed to the provisions

of theRevised Statutes. Now, can there be any doubt that, by the Revised Statutes, the Court could have awarded execution in such a case?

The 95th and the 119th sections of the Revised Statutes, on pages 556 and 561, relate exclusively to proceedings before the Court of Probate, in allowing claims against estates, when presented in one of the two ways already mentioned; and have nothing to do with ordinary suits against administrators. The 95th section assumes that the Probate Justice may, in such a case, enter a judgment and award an execution thereon, and the 119th section is express on the point, that the Probate Justice may, in such a case, enter judgment. Taking these two sections together, they show that the Probate Justice may enter judgment and issue execution thereon; the only limitation on this power to award an execution is, that it shall not be issued for one year from the date of the letters of administration. Had, then, this proceeding before the Probate Court, been under the provisions of the late Revised Code, he could have entered judgment and issued execution thereon, so that he had not issued it too soon. But, by the provisions of this code, appeals from the Probate Court are allowed to be prosecuted in the same amnner and with the like effect as appeals from ordinary justices of the peace; Rev. Stat. 564, § 138, and 429, § 20; in which cases trials in the Circuit Courts are to be *de novo* and on the merits; Rev. Stat. 325, § 66; and of course such judgment entered on such trial, as the Court of Probate ought, on the same facts to have entered, and the awarding of execution is always a part of the judgment in the Circuit Court.

Of course, if the claimant has thus obtained a judgment and an award of execution, he ought not, nor will the Court permit him to take out his execution till one year from the date of the letters of administration; and if he should, by any means, obtain such execution within that period, the Court would doubtless quash it on motion, as being issued contrary to law. And if the judgment in the Circuit Court was within the year, that Court would doubtless, on motion,

direct the clerk, or perhaps direct it to be entered up as a part of the judgment, that there should be a stay of execution till the year expired. But if, at the time of such judgment, the year had in fact expired, then the right to an immediate execution existed in favor of the claimant, and the Court ought to have awarded it without any limitation of time as it did. So that, here again, the question of error or no error is a question of fact, and as the facts are not preserved, and the Court cannot see from the record that the execution was awarded within the year from the date of the letters, how can the Court say there was error on this point? Indeed the contrary appears, for this proceeding against the administrator was pending in Court nineteen months, and of course, the judgment could not have been within the year from the date of the letters.

That the "execution" referred to in said 95th section relates to cases where claims are filed against the estate, and not to regular suits, is clear from this, (in addition to the fact that the section of which it forms a part relates wholly to the former cases,) that in cases of regular suits, the suits themselves cannot be instituted till after one year from the issuing of the letters, (Rev. Stat, 1845, 558, § 101,) and, of course, no execution could, in such cases, issue within said year, without any provision to restrain it.

But, if we are mistaken in some of the foregoing particulars, yet, where the judgment is erroneous in part, and can be set right without a reversal of the whole, it will be reversed for that part, and be affirmed as to the rest. Thus, a judgment may be reversed as to the damages, and affirmed as to costs; (*Cummings* v. *Prudden*, 11 Mass. 206;) or reversed as to costs, and affirmed as to the balance; (*Nelson* v. *Andrews*, 2 do. 164; *While* v. *Garland*, 7 do. 463;) and this latter point has been frequently decided in this Court. *Bailey* v. *Campbell*, 1 Scam. 110; *Gibbons* v. *Johnson*, 3 do. 61.

In the absence of authority, it would seem clear that the same principle must govern in reference to the improper award of an execution, which is an independent part of the

record, and may well be erroneous, while the judgment itself for the debt or damages, as the case may be, remains valid. The authorities to this point, however, seem sufficiently clear. *Whiting* v. *Cochran*, 9 Mass. 532; *Glover* v. *Keith*, 3 do. 252; *Johnson* v. *Harvey*, 4 do. 483.

And, for the same reason, when the execution is awarded against the "goods and chattels and *credits* of the intestate in the hands of the administrator to be administered," (*Greenwood* v. *Spiller*, 2 Scam. 502,) it may well be sustained as to the goods and chattels, and quashed as to the credits, while the judgment for the debt can in no wise be affected by an entry subsequent to it in the order of events, and unconnected with any question of merits, or even of *form*, so far as the entry of the recovery of the claim is concerned.

And in such cases, where a judgment is reversed in part, for a matter of law, and not for error in fact, the plaintiff in error is not entitled to recover costs on error. *Nelson* v. *Andrews*, 2 Mass. 164.

Even if we are mistaken *in toto*, and the entry of this judgment and the award of execution is wrong, both in form and in substance, yet there is no question the defendant in error is entitled to have his claim allowed against the estate, and the form in which such allowance should have been made in the Circuit Court is matter of law only—no question of merits is to be ascertained by further inquiry—and, in accordance with the practice in such cases, this Court will either enter up such an order or judgment in the case as the Court below ought to have done, or will send back the case, not for a new trial, but with directions to enter up an order or decree in the form to be prescribed by this Court. 3 Mass. 352; 7 do. 453; *Baxter* v. *The People, ante*, 368.

The Opinion of the Court was delivered by

TREAT, J. On the 16th of November, 1844, the Probate Justice of Hancock county allowed a claim in favor of David Wallace against the estate of Moses J. Wallace, for $194·50. Welch, the administrator, prosecuted an appeal to the Cir-

cuit Court, where the cause was submitted to a jury, and a verdict returned in favor of Wallace for $255. A judgment was then entered, that Wallace recover of Welch, as administrator, the amount of the verdict and costs, and that he have execution therefor "against the goods, chattels, rights, credits and effects in the said administrator's hands to be administered."

Welch has prosecuted an appeal to this Court.

The appellant insists in the first place, that the Circuit Court had no jurisdiction of the case, because no bill of exceptions was taken to the decision of the Probate Justice, as was required by the law in force at the time the decision was made and the appeal taken. It does not lie in his mouth to make this objection. If a bill of exceptions was necessary in order to render the appeal complete, it was his duty to have obtained it. He ought not to be permitted to take advantage of his own wrong. The omission to take a bill of exceptions might have been a sufficient cause for a dismissal of the appeal, but it was for the appellee to urge the objection. He chose to waive his privilege, and the appellant has no cause for complaint.

It is contended that the judgment for costs was erroneous. The 95th section of the 109th chapter of the Revised Statutes, requires the administrator to fix on a term of the Probate Court for the settlement of all claims against the estate, and give notice thereof; and provides, that the estate shall be answerable for costs on all claims presented at or before said term, but not for the costs on those exhibited afterwards. There is nothing in this case which shows that the administrator ever appointed a time for the adjustment of the claims against the estate, or gave any notice to the creditors to present them. In the absence of proof, the presumption is that the demand in question was exhibited in due time, and that the estate was liable for the costs of establishing it. If the facts of the case relieved the estate from the payment of costs, it was the duty of the administrator to have made them known.

It is insisted that the Court erred in awarding execution

on the judgment.   This position must be sustained.   The judgment was clearly erroneous in awarding execution against the estate of the decedent.   Under our statute, the proceeds of an estate are to be distributed ratably among the creditors who establish their demands in proper time. The recovery of the judgment only establishes the debt of the creditor.   He is not entitled to execution.   One creditor is not allowed by obtaining a judgment to absorb the assets to the exclusion of others, who may not be so fortunate as to establish their debt as early.   A certain time is to be given the creditors within which to make proof of their claims, and then a dividend of the assets is to be declared, in which all of such creditors are to share.   See *Greenwood* v. *Spiller*, 2 Scam. 502; *Burnap* v. *Dennis*, 3 do. 478; *McDowell* v. *Wright*, 4 do. 403, *Powell* v. *Kettelle*, 1 Gilm. 491.

The judgment of the Circuit Court will be reversed, with the costs of this appeal, and a judgment will be entered in this Court in favor of Wallace and against Welch as administrator, for the amount of the verdict and the costs before the Probate Justice, and in the Circuit Court, to be paid in the due course of administration.

*Judgment reversed.*