CHARLES PECK, administrator of James W. Stephenson, plaintiff in error, *v.* ISAAC P. STEVENS *et al.;* defendants in error.

## *Error to Jo Daviess County Court.*

In a suit against an administrator, a judgment was rendered, and an award of execution against the goods, chattels, lands and tenements of the decedent in the hands of the administrator to be administered: *Held,* that the award of execution was erroneous.

The Supreme Court, on reversing a judgment, may render such a judgment as should have been rendered by the Circuit Court.

IN this case, a judgment was rendered in the Jo Daviess County Court, at the November term, 1846, the Hon. Hugh T. Dickey presiding, in favor of the present defendants in error, for the sum of $6,321·34 upon the assessment of a jury of inquiry, the defendant not appearing. The form of the judgment concluded with an award of execution, thus: "And that execution issue therefor against the goods, chattels, lands and tenements of the said Jas. W. Stephenson, deceased, in the hands of the said administrator to be administered."

*T. Ford,* for the plaintiff in error.

*V. H. Higgins,* for the defendants in error.

If there be error in this record, the Court will enter such judgment as the Court below should have entered. The 49th section of the Practice Act provides that the Supreme Court may enter final judgment, and the 52nd section provides that the Supreme Court, in case of partial reversal, should give such judgment as the inferior Court ought to have given, and such has been the uniform practice of this Court. *Pearson* v. *Hamilton,* 1 Scam. 416; *McConnell* v. *Swailes,* 2 do. 572; *Wilmans* v. *The Bank of Illinois,* 1 Gilm. 670; *Welch* v. *Wallace,* 3 do. 496.

If the judgment is erroneous, on the authority of the foregoing cases, this Court will enter judgment here for the

defendants in error for $6,321·34 and interest, to be paid in the due course of administration.

The Opinion of the Court was delivered by

Treat, C. J. The Court rendered a judgment in favor of Stevens and Brown against Peck, administrator of Stephenson, for $6,321·34 and costs; and awarded execution therefor against the goods and chattels, lands and tenements of the estate of the decedent.

The award of execution was erroneous, as will clearly appear by reference to the decisions of this Court in the following cases: *Greenwood* v. *Spiller*, 2 Scam. 502 ; *Burnap* v. *Dennis*, 3 do. 478 ; *McDowell* v. *Wight*, 4 do. 403 ; *Powell* v. *Kettelle*, 1 Gilm. 491 ; *Welch* v. *Wallace*, 3 do. 490.

The judgment of the County Court will, therefore, be reversed with the costs of this writ of error, and a judgment will be entered in this Court in favor of the plaintiffs against the defendant for the sum of $6,321·34 and the costs in the Court below, and interest from the 29th of July, 1846, to be paid in the due course of administration.

*Judgment reversed.*