## LETTY DYE, Admx.

*v.*

## WILLIAM NOEL *et al.* Exrs.

1. CERTIORARI UNDER THE STATUTE—*petition must show diligence.* A petition for a *certiorari*, under the statute, is defective if it fails to show that the judgment sought to be reviewed was not the result of negligence in the petitioner, and that it was not in his power to have taken an appeal in the ordinary way.

2. SAME—*negligence in defense of suit.* A defendant will not be excused for failing to attend at the term of the county court to which the summons is made returnable, so as to remove the cause by *certiorari* on the ground that the cause was not set for hearing at that term. There is no necessity for a special order setting down a cause for hearing at the return term.

3. SAME—*delay in taking appeal.* Where a defendant's attorney in fact is notified of the result of a suit a few days after the rendition of judgment, and does not procure an appeal bond until fifteen days after the date of the judgment, and mails the same two days before the expiration of the time for appealing, and the same is not received by the proper officer within

time, he will be guilty of such negligence as to preclude him from removing the cause by *certiorari*.

4. SAME—*negligence in defending.* A petition for a *certiorari* which attempts to excuse the party from defending at the return term, on the ground of the absence of the attorney in fact of the defendant in Ohio to arrange for taking the depositions of witnesses, is defective if it does not show why this could not have been attended to without the personal attendance of such attorney, and this more especially if it appears that such attorney returned in time to have been present in court before the trial.

5. COSTS—*administrator not personally liable.* Where a *certiorari* under the statute, taken by an administrator to the circuit court, in a case where he is prosecuting a claim, is dismissed, it is error to render a general judgment against him for costs. It should be special, to be paid in the due course of administration.

WRIT OF ERROR to the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This case originated in the county court of Ford county. Letty Dye, administratrix of the estate of James Dye, deceased, by her attorney in fact, Thomas C. Dye, filed in the county court, for allowance, a claim against the estate of Benjamin F. Dye, deceased. The defendants, William Noel and David A. Frederick, were the executors of the last will of said Benjamin F. Dye, deceased. The claim amounted to the sum of $11,512.38. The county court, on motion of the defendants, dismissed the claim, on affidavits showing the non-residence of the claimant, and the insolvency of the security in the bond given by her for costs, and the plaintiff sought to take the case to the circuit court by *certiorari* under the statute.

The circuit court, on dismissing the *certiorari*, rendered a general judgment against the plaintiff for the costs, which, among other things, is assigned for error.

Mr. M. H. CLOUD, for the plaintiff in error.

Messrs. GRAY & SWAN, for the defendants in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Waiving the question whether the statutory writ of *certiorari* may be resorted to for the purpose of bringing before the

circuit court, for trial *de novo*, a cause tried in the county court sitting as a court of probate, we are of opinion the present petition was defective in failing to show that the judgment was not the result of negligence in the petitioner, and that it was not in the power of the petitioner to have taken an appeal in the ordinary way.

The petition shows that the summons was returnable to the May term, 1875, of the Ford county court, and then seems to try to excuse the failure of the petitioner to attend at that term, by alleging that the cause was not set for hearing at that term. If the summons was properly served the requisite time before court, (and this is not negatived,) the cause stood, by virtue of the statute, for hearing at that term, and there was no necessity for a special order of the court setting it down for hearing. The rule laid down in *Cushman* v. *Rice et al.* 1 Scam. 566, is, that, "when a party brings an action, he is bound to attend to it through all its stages, either by himself or agent, and if he omits to do so, he must abide by the consequences of his inattention, unless he set out, with precision, such facts and circumstances as show that it was not in his power to take an appeal in the ordinary way, by the exercise of every reasonable degree of attention and care." And in *Lord et al.* v. *Burke*, 4 Gilm. 367, in speaking of the statute authorizing a *certiorari*, the provisions of which were substantially the same as the present statute upon that subject, the court, by the judge delivering the opinion, said: "I apprehend that a proper construction of this section of the statute would require a party desiring to appeal from the decision of a justice of the peace, to use something more than ordinary diligence to perfect his appeal, before he would be entitled to bring his cause into the circuit court by writ of *certiorari;* nor is it the particular sum in controversy, or the hardship of the case, which will dispense with this diligence."

The necessity for the attorney in fact of the petitioner to go to Ohio, where the witnesses resided, to arrange about taking their depositions, is not apparent. Why this might not as readily, and with less expense, have been attended to by peti-

tioner, who resided in Ohio, or by some other attorney, residing near the witnesses, is not shown; nor is it shown that the service was such as required a personal visit of the attorney in fact, in any other view; and it does not appear that the attorney in fact had any sufficient reason to assume that the cause was not set for hearing at the May term, 1875. It is not alleged the summons was not served in time for that term; that the case had been ordered continued, or to be heard at a different term, or that those representing the parties had agreed it should not be heard at that term. Besides, it appears that if the attorney in fact had gone to the county seat, immediately after his return from Ohio, he would then have been there in time for the hearing. Moreover, he was notified, by letter, a few days after the judgment was rendered, (which was on the 31st of May,) of the result. He then delayed until the 14th of June, when he went to the county seat and obtained an appeal bond. He then returned to his home, but, instead of having the bond signed and returned at once, he spent two days—the 15th and 16th—in Indiana. Then, on the 17th, he inclosed the appeal bond in an envelope, properly addressed, and placed it in the mail. The 19th was the last day within which the appeal could be taken, and, although he says the bond should have reached the county seat on the 17th, it is manifest this could only be anticipated on the assumption of the prompt arrival of mail trains, and the speedy change of mail matter and delivery by the proper officers. There was one change, or transfer, as we understand the petition, of the mail from one road to another, and this, as the public know from experience, is a frequent, if not universal, cause of delay in the transmission of mail matter. We think, in view of the seemingly unnecessary delay from about the 1st to the 14th of the month, in making an effort to get an appeal bond,—the apparently inexcusable delay by being in Indiana on the 15th and 16th, and the failure, after that time, to adopt a prompt and certain mode of transmitting the appeal bond,—there was a failure to exercise that high degree of diligence to perfect

the appeal that this court has uniformly held indispensable to prosecute a writ of *certiorari* under the statute.

The judgment, however, should have been special, and not general; and for that error it must be reversed, and the cause remanded with directions to the court below to enter judgment against the petitioner, to be paid in the due course of administration.

*Judgment reversed.*