## Charles W. Robison v. Frank Harrington.

61 | 543
104 | 230

1. ADMINISTRATION OF ESTATES—*Settlement of Claims Not Due.*— Section 67 of chapter 3, R. S., entitled "Administration of Estates," providing that any creditor, whose debt against an estate is not due, may present the same for allowance and settlement, and shall thereupon be considered as a creditor, and receive a dividend of the estate, after deducting a rebate of interest for what he shall receive on such debt, to be computed from the time of the allowance thereof to the time such debt would have become due, according to the tenor and effect of the contract, applies to unconditional contracts for the payment of money only, and not to contracts so uncertain as to be declared void at any time on default of payment of installments.

Claim in Probate.—Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

### STATEMENT OF THE CASE.

On the 21st of September, 1892, William C. Miskimen and William Lewis entered into the following agreement:

"Articles of agreement made September 21, 1892, between William C. Miskimen and William Lewis,

Witnesseth: That if the party of the second part shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed, the said party of the first part hereby covenants and agrees to convey and assure to the said party of the second part, in fee simple, clear of all incumbrances whatever, by a good and sufficient warranty deed, lot (describing it): and the said party of the second part hereby covenants and agrees to pay to the said party of the first part the sum of $1,250 in

the manner following: $12.50 in cash on the execution and delivery of this agreement the receipt of which is hereby acknowledged, and $12.50 on the 15th of each and every month hereafter, until the full sum of $1,250 shall have been paid, together with interest at the rate of six (6) per cent, and to pay all taxes subsequent to the year 1892. And in case of the failure of the said party of the second part to make either of the payments, or any part thereof, or perform any of the covenants on his part hereby made and entered into, this contract shall, at the option of the party of the first part, be forfeited and determined, and the party of the second part shall forfeit all payments made by him on this contract, and such payments shall be retained by the party of the first part in full satisfaction and in liquidation of all damages by him sustained, and he shall have the right to re-enter and take possession of the premises aforesaid.

It is fully understood that the $1,250 is the purchase price of said property, and that the sums from time to time unpaid thereon, draw interest at the rate of six (6) per cent; but the purchaser shall not be required to pay more monthly, either as principal or interest, than the sum herein mentioned.

It is mutually agreed by and between the parties hereto, that the time of payment shall be the essence of this contract, and that all the covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties."

Lewis paid $111.50 on the contract and died. Appellee was appointed administrator of his estate. Appellant presented the contract to the Probate Court as a claim against the estate with an affidavit attached that there was due and unpaid $1,234.70.

The Probate Court disallowed the claims. An appeal was prosecuted to the Circuit Court and the claim was there disallowed.

From the judgment of the Circuit Court this appeal is prosecuted.

ARTHUR KEITHLEY, attorney for appellant.

JNO. W. CULBERTSON, attorney for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.
Appellant relies upon section 67, chapter 3 of the Revised
Statutes entitled "Administration of Estates," which pro-
vides for the presentation and allowance of claims not due.
The section reads as follows:

"Any creditor whose debt or claim against the estate is
not due, may, nevertheless, present the same for allowance
and settlement, and shall thereupon be considered as a cred-
itor under this act, and shall receive a dividend of the said
decedent's estate, after deducting a rebate of interest for
what he shall receive on such debt, to be computed from the
time of the allowance thereof to the time such debt would
have become due, according to the tenor and effect of the
contract."

This section was intended to facilitate the speedy settle-
ment of estates, and for the benefit of creditors whose claims
would not, by their terms, mature within the two years fixed
by statute for the presentation of claims. We are of the
opinion, however, that only unconditional contracts for the
payment of money fall within the intention of the section.
We do not think it applies to a claim so uncertain that it
may at any time be declared void on default of payment of
any of the installments named. This contract expressly
provides that a failure to make any one of the monthly pay-
ments at the time due will work a forfeiture of the contract
and all sums before then paid shall be retained by appellant,
and he shall be entitled to re-enter and take possession of the
premises sold. It also provides for a forfeiture in the event
of non-performance of any other of the covenants. To carry
out the agreement as written would require the administra-
tor to wait about eight years to make all the payments.
The law requires him to settle the estate long before that
time.

Although the estate may be solvent it may not be in con-
dition to meet the deferred payments as they fall due.

We are of the opinion that the claim is not included

within such as are contemplated by section 67 above quoted.

It is contended that if the section is to receive the construction which we have placed upon it, then it is unconstitutional, as being a law impairing the obligation of contracts.

It is a novel idea to apply this constitutional provision to a statute passed long before the execution of the contract. The constitutional question in regard to the impairment of contracts is not involved.   Judgment affirmed.