## Adelaide Johnson v. Julia W. Tryon, Adm'x.

1. ADMINISTRATION OF ESTATES—*Filing Claims Not Matured.*—The statute requiring all claims against an estate to be filed within two years after the grant of letters of administration, in order to entitle the claimant to payment out of the inventoried estate, justifies and authorizes creditors to file their claims before they are due.

**Claim in Probate.**—Appeal from the Circuit Court of Knox County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1898. Reversed and remanded with directions. Opinion filed September 26, 1898.

### STATEMENT.

On February 6, 1894, at Washington, D. C., Mrs. Maria H. Whiting, of Galesburg, Illinois, and Mrs. Adelaide Johnson, of Washington, a sculptor, entered into the following written contract :

"Agreement made this 6th day of February, 1894, between Adelaide Johnson, of Washington, D. C., and M. H. Whiting, of the city of Galesburg, Illinois :

That I, Adelaide Johnson, agree to complete in marble from the model now made and accepted, within two years,

the portrait bust of M. H. Whiting, and deliver perfect and in order.

For which I, M. H. Whiting, agree to pay the sum of eight hundred dollars ($800). The final amount of four hundred dollars ($400) to be paid upon the delivery of the work according to the above agreement.

Mrs. M. H. Whiting.<br>Adelaide Johnson."

Seventy-five dollars was paid down, twenty-five dollars on March 17, and $100 July 20, 1894. Mrs. Whiting died November 29, 1894. Julia W. Tryon was appointed administratrix of her estate December 10, 1894, by the County Court of Knox County. On February 2, 1895, Mrs. Johnson filed a claim for $600 against said estate in the County Court, accompanied by her affidavit "that the annexed claim against the estate of Maria H. Whiting (deceased), in the sum of six hundred dollars (balance) is just and unpaid, after allowing all just credits, and that two hundred dollars of the same is now due and past due, and that the remaining four hundred dollars will mature according to the terms of a certain contract constituting this claim (copy annexed), and that she has no other claim against said estate." Attached to said claim was a copy of the above contract. On the back of said claim was the following indorsement: "I hereby consent to the allowance of the within claim for $600. Julia W. Tryon, Adm'x." The claim was submitted in the County Court upon said consent of the administratrix and disallowed. Mrs. Johnson appealed to the Circuit Court, where a jury was waived and the cause heard upon proofs presented, and that court found for defendant and entered judgment for costs against claimant. She prosecutes this appeal from said judgment.

Mrs. Johnson had not completed and delivered the bust when Mrs. Whiting died. She claimed there was $400 to be paid down, and that Mrs. Whiting was therefore in arrears $200 on the cash payment, and she evidently desired to be paid that sum before she went on to complete the work. There was considerable correspondence between

Mrs. Johnson and the administratrix (whose daughter wrote for her, as the administratrix was nearly blind). In these letters the administratrix admitted there was $200 past due, and repeatedly promised to pay Mrs. Johnson, meaning either the whole sum or the $200 remaining unpaid of the first $400. In one letter the administratrix said: "We understand you perfectly and you are to be paid as soon as the money comes in. * * * It will all come in soon. When are you planning to go over? We will make quite an effort to get it before you go." At another time Mrs. Johnson wrote, asking an extension of one year in which to deliver the bust, and also asking when the remaining $200 of the first half would be paid, and the administratrix replied granting the extension, and saying she had to pay the first-class claims first and had them nearly all paid, and would do all she could to get to Mrs. Johnson's claim soon. Later, the administratrix wrote Mrs. Johnson that the court had informed her that she had no right to extend the time for the completion of the bust, but that she was still just as willing to do so.

CHYTRAUS & DENEEN, attorneys for appellant.

ARNOLD & GALE, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The first question is whether Mrs. Whiting in her lifetime and her estate after her death were in default under said contract—whether any of said money was already due Mrs. Johnson. The contract says Mrs. Johnson had already made a model of Mrs. Whiting. That must have been done with the active participation of Mrs. Whiting; she must have given repeated sittings to the artist while the clay figure was being modeled, from which the plaster cast was taken. By the contract Mrs. Whiting accepted the model; Mrs. Johnson agreed to make a portrait bust therefrom and deliver it to Mrs. Whiting; and Mrs. Whiting agreed to pay

$800 therefor.   Evidently that sum was intended to be compensation as well for the labor, skill and material used in making the model, as for the labor, skill and material to be thereafter employed in making the bust.   The contract provides that the last payment shall be $400 to be paid on the delivery of the work.   This necessarily implies that the first $400 was to be paid before the delivery of the work. No time being expressly stated, we interpret the contract to mean that $400 was to be paid in cash at the making of the contract.  That this was the meaning of the parties to this contract is confirmed by other facts.   The proof shows without contradiction that the skill of the artist is chiefly employed in modeling the features in clay and making a plaster cast thereof that shall present an acceptable portrait of the person whose lineaments are to be reproduced, and that copying the model in marble is largely mechanical and is much less expensive than the making of the model.   It follows that more than $400 had been earned when the model had been completed to Mrs. Whiting's satisfaction and when this contract was written.   The oral evidence, so far as admitted, tended to show that Mrs. Whiting herself understood the contract to mean she was to pay $400 down.   Therefore Mrs. Whiting in her lifetime was in arrears in the sum of $200 on the first payment, and that sum in any event should have been allowed upon the claim. While the estate was so in arrears it could not defeat Mrs. Johnson's claim to said $200, already past due, by the fact that she also afterward became delinquent in failing to complete the bust within two years as agreed.   It may well be she relied upon the remaining part of the first payment to enable her to meet the expense connected with the completion of the work in marble.   Time was not made of the essence of the contract, and she did not lose her right to complete the bust and collect the $600 because she failed to complete it within the two years named in the contract.   Still less would she be thus debarred after the administratrix had granted her an extension of time.

Mrs. Johnson filed her claim for the whole amount, though

162 · APPELLATE COURTS OF ILLINOIS.

she had not yet completed the bust. Her time in which to complete it had not then expired. The statute requiring all claims against an estate to be filed within two years after the grant of letters of administration in order to entitle the claimant to payment out of the inventoried estate, justifies and authorizes creditors to file their claims before they are due. The proof shows without contradiction that the price agreed upon was reasonable, and there is no evidence which casts any doubt upon the good faith of the claimant: If Mrs. Johnson completes the bust and delivers it to the administratrix before this case is again reached in the Circuit Court, the full $600 should be allowed. It is evident Mrs. Whiting desired to have her features durably preserved for her family and friends, and the administratrix in her correspondence was acting in harmony with Mrs. Whiting's wishes, and was endeavoring to take such a course as would cause the bust to be completed and delivered. We think the Circuit Court, acting in this case in the place of the Court of Probate, should do what it can to cause that result to be accomplished, and thus to carry into effect Mrs. Whiting's purpose. This might be done by granting a reasonable delay.

The judgment of the Circuit Court is reversed and the cause remanded to that court with directions to allow $200 in any event, and the entire $600 if the bust has then been completed and delivered pursuant to contract.