## Charles E. Brown v. George W. Rouse, executor, etc.

1. PROPOSITIONS OF LAW—*effect of failure to present.* Where no propositions of law were submitted to the trial court, the conclusive presumption arises that the trial court properly applied the law to the facts in the case.

2. ALLOWANCE OF UNMATURED CLAIMS—*construction of statute pertaining to.* The section of the Administration Act providing for the allowance of unmatured claims against estates, contemplates only the allowance of such unmatured debts as will become due upon some specified date, capable of ascertainment by the court at the time the claim is presented and allowed.

3. COMMON-LAW—*rule with respect to statutory modification of.* Statutes are not presumed to change or alter the common-law further than is expressly declared by the terms thereof.

Contested claim in court of probate. Appeal from the Circuit Court of Vermilion County; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

G. W. SALMANS, for appellant.

LAWRENCE & LAWRENCE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

The facts involved in this case are stipulated and are as follows: On September 16, 1902, John Rouse, appellee's testator, and Mariah Rouse, his wife, executed and delivered to Marion Rouse, their promissory note for the sum of $500, payable one day after the death of the survivor of the makers; which said note was afterward endorsed by the payee to appellant. On April 3, 1903, John Rouse died, leaving his wife, the other joint maker of said note, surviving him. Appellant filed the note as a claim against the estate of said John Rouse in the County Court. A trial was there had which resulted in a judgment disallowing the claim, whereupon an appeal was taken to the Circuit Court where the cause was tried by the court, without a jury, and like judgment rendered, from which an appeal is prayed to this court.

Appellant contends that the claim should have been allowed for the face of the note, notwithstanding it was not by its terms due, under the provisions of section 67 of the Administration Act, which is as follows:

" Any creditor, whose debt or claim against the estate is not due, may nevertheless present the same for allowance and settlement, and shall thereupon be considered as a creditor under this act, and shall receive a dividend of the said decedent's estate, after deducting a rebate of interest for what he shall receive on such debt, to be computed from the time of the allowance thereof to the time such debt would have become due, according to the tenor and effect of the contract." Rev. Stat. 1903, page 116.

Inasmuch as no propositions of law were submitted to the trial court the conclusive presumption is that it properly applied the law to the facts in the case. We have nevertheless considered the case on the merits and are of opinion that the foregoing section contemplates the allow-ance of such unmatured debts only, as will become due upon some specified date, capable of ascertainment by the court at the time the claim is presented and allowed. The note in suit, by its terms, will not become due until one day after the death of Mariah Rouse, who, it is admitted, was living at the time of the hearing in the Circuit Court. It follows that the precise date of the maturity of the note cannot be known until her death occurs, and it is therefore impossible to calculate the rebate of interest which can be allowed. At common law the payment of money under a contract could not be enforced until the same became due. Statutes are not presumed to change or alter the common law further than is expressly declared by the terms thereof. The statute here invoked is in derogation of the common law, and must be strictly construed. The trial court properly disallowed the claim and the judgment will accordingly be affirmed.

*Affirmed.*