In the Matter of the Estate of William W. Dyer, Deceased.

William A. Dyer et al., Appellants, v. William E. Hall, Administrator, Appellee.

(Not to be reported in full.)

Appeal from the County Court of Morgan county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed April 21, 1916.

### Statement of the Case.

Petition by William E. Hall, administrator, *de bonis non* with the will annexed of the estate of William W. Dyer, deceased, petitioner, against William A. Dyer *et al.*, defendants, to sell the testator's real estate for payment of debts. From a decree for petitioner, defendants appeal.

William W. Dyer died in February, 1880, leaving a widow, Harriet C. Dyer, several children, considerable property, both real and personal, and substantial debts both secured and unsecured. He also left a will. The only provisions in the will relating to his wife are as follows:

(Clause Fourth) "My will is that my beloved wife, Harriet C. Dyer, have full control of the real estate for the purpose of raising my children on, while she remains my widow. In case she should marry, then in that case she is to be an equal heir with my children."

(Clause Sixth) "I furthermore will that after my debts are paid, and when my youngest child is twenty-one years of age, then my real estate be sold and an equal division be made between my children, and should my wife remain my widow, then in that case she is to hold her dowery right real estate during her natural life, but should she marry then in that case she is to have an equal division with my children as above stated."

Letters testamentary were duly issued on March 6, 1880, to Samuel Wood, the executor named in the will. In March, 1880, he sold the personal property. The May term, 1880, was fixed as the time for the presentation of claims, and due notice thereof was given by the executor. One James Ranson held a claim amounting with interest to more than $4,500, secured by a trust deed. This claim he presented to the County Court as a claim against the estate and the same was allowed. Out of the proceeds of the sale of the personal property the executor paid the preferred claims and a dividend on the seventh-class claims both secured and unsecured. By this means a trifle over $1,100 was paid on the Ranson secured claim. Thereafter on June 28, 1882, Ranson secured a decree of foreclosure and sale of the premises covered by his trust deed to pay the unpaid portion of his claim. In that decree the court, having the will of the deceased and the trust deed before it and having jurisdiction of all the heirs, devisees and personal representatives of the deceased, decreed that the widow and minor children of the deceased were entitled to a homestead interest in the real estate of her husband, notwithstanding the provisions of those two documents, and caused the same to be duly set off and allotted. Under that decree all of the real estate of the deceased, except the homestead so set off and about twenty-six acres of farm land, was sold and produced about $400 more than enough to pay the unpaid part of the Ranson claim and the costs of the foreclosure proceedings. This surplus was turned over to the executor of the deceased to be by him handled in the due course of administration. There still being insufficient funds in the hands of the executor to pay the allowed claims, he filed his petition in the County Court for leave to sell the remaining twenty-six acres of land to pay debts. On April 4, 1883, that court entered its order setting off to the

widow as her dower nine of the twenty-six acres mentioned, and ordered the executor to sell the remaining seventeen acres to pay debts. This order was carried out, and on May 26, 1883, he made a report to the County Court of the amount of funds in his hands and the amount of the unpaid debts and asked for an order of distribution of such funds and for an order relieving him from making further report until after the death of the widow. The court approved the report, ordered the distribution, found that nothing further could be realized from which the unpaid claims could be liquidated until the termination of the homestead estate, and ordered that the executor be excused from making further reports ''until the termination of the life estate of the widow.'' The widow died November 18, 1913. The executor of her husband's will had died many years before that time. On February 24, 1914, the petitioner, having been appointed administrator *de bonis non* with the will annexed, filed his petition for leave to sell the lands previously set off to the widow as her homestead and dower interest, to pay the balance of the claims allowed against the estate, after due credit had been allowed thereon for all the moneys that had come into the hands of the executor for that purpose, whether the same had been so applied or not. The prayer of that petition was granted, and the lands in question were ordered sold.

L. O. VAUGHT, H. W. ENGLISH and I. DYER, for appellants.

KIRBY & WILSON, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 482*—*when binding upon heirs of estate.* On petition by an administrator *de bonus non* to sell real estate, after termination of the widow's life estate therein, for payment of debts of the estate, *held* that the heirs, who had been duly made parties to a proceeding · in which the widow's dower had been set off to her by a decree which had been unchallenged could not object to the validity of such decree on the ground that the widow was allowed to take both under the will and the statute.

2. EXECUTORS AND ADMINISTRATORS. § 372*—*what are remedies of secured creditors.* A secured creditor of an estate may present his claim for allowance in the Probate Court where the estate is being administered, or he may resort to his security, or he may pursue both methods.

3. EXECUTORS AND ADMINISTRATORS—*when claims are promptly paid.* Where letters testamentary were issued a month after the deceased's death and, within four months after the expiration of the time within which claims could have been presented, the executor reported the amount of money in his hands and obtained an order allowing liquidation of claims, so far as funds were available, and within a year thereafter filed another report showing balance due with interest on unpaid claims and balance on hand, and, as it appeared that no other funds could be realized until the death of the testator's widow, obtained an order directing payment and excusing him from making further reports until that time, *held* that the contention that claims had not been promptly paid and that interest had been unnecessarily allowed to accrue was not tenable.

4. EXECUTORS AND ADMINISTRATORS, § 526*—*when attorneys' fees properly allowed.* Where the judge who entered a decree directing the sale of real estate and payment of claims of an estate was a member of a firm of attorneys acting for the executor, *their* fees were allowed to stand, there being no showing that they were exorbitant or more than other attorneys would have charged for the same service.

5. HOMESTEAD, § 94*—*when reallotment of to widow not permissible.* In the absence of a showing of fraud in the allotment of a homestead to a testator's widow, *held* that it was not incumbent on creditors of the estate to have a reallotment made on the ground that the homestead was, at the time it was allotted, worth more than prescribed by the statute, or that it had subsequently increased in value, and to have the surplus applied to their claims.

6. HOMESTEAD, § 100*—*what does not constitute abandonment of.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Failure of a widow to live on a homestead, *held* not to amount to an abandonment thereof where she controlled it, rented it and had the proceeds from it.

7. APPEAL AND ERROR, § 1466*—*when admission of evidence harmless error.* On a hearing on a petition for the sale of land of an estate to pay a balance on claims due beyond payments ordered by a prior decree, the admission of evidence that claims so ordered paid by such decree were, in fact, paid, *held* harmless error, if any, since the payment of such prior dividends was not in question, and, in the absence of proof to the contrary, they are presumed to have been paid.

8. EXECUTORS AND ADMINISTRATORS, § 374*—*when creditors not guilty of laches in failing to subject land to claims.* An order of a Probate Court directing the payment by an executor of claims pro rata so far as funds were available, and excusing him from making any further report until the death of the testator's widow, to whom dower had been assigned in the testator's land, *held* to present creditors, who relied and acted thereon, from being held guilty of laches in not proceeding, before the widow's death, to subject the land to the payment of their claims.