## PUFAHL, RECEIVER, v. ESTATE OF ELVIRA J. PARKS, DECEASED.

No. 18.   Argued October 15, 1936.—Decided December 7, 1936.

*Mr. George P. Barse,* with whom *Mr. Otis F. Glenn* was on the brief, for petitioner.

220

*Mr. Franz W. Castle,* with whom *Messrs. Emmctt J. McCarthy* and *Robert F. Carey* were on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

In this case we are concerned with the bearing of state law upon the enforcement of an assessment against the estate of a stockholder of a national bank.

Elvira J. Parks died March 20, 1928, owning twelve shares of the capital stock of the Austin National Bank of Chicago. May 17, 1928, the Probate Court of Cook County, Illinois, granted letters testamentary to the executors named in her will, who filed an inventory and supplemental inventory in the probate court within one year of the date of the letters. March 30, 1931, the Comptroller of the Currency declared the bank insolvent, closed it, and appointed the petitioner receiver, and May 21, 1931, assessed all stockholders, including the executors of Elvira J. Parks, one hundred per cent. of the par value of their stock. The executors refused to honor the receiver's demand for payment, and on September 1, 1933, he filed his claim in the Probate Court for $1,327.17, the amount of the assessment with interest to the date of filing. January 13, 1934, the court disallowed the claim. The receiver appealed to the Circuit Court, where the case was tried *de novo.* That court, applying a state statute, disallowed the claim as against undistributed assets in the hands of executors inventoried within one year from the date of the grant of letters, because the claim did not accrue and was not presented to the Probate Court within that period, but allowed it as to assets not inventoried within the year. (From a stipulation filed in this court it appears that there are in the executors' possession inventoried assets in excess of the amount of petitioner's claim; that the estate is solvent; and that

there are no assets not inventoried within one year from the granting of the letters, or discovered after the expiration of that period.) The Appellate Court of the First District of Illinois affirmed the judgment. A certificate of importance, requisite for a review by the Supreme Court of the State, was refused. Certiorari was granted to resolve a conflict respecting the construction of relevant federal statutes.

U. S. C. Tit. 12, § 64 is in part:

"The stockholders of every national banking association shall be held individually responsible for all contracts, debts, and engagements of such association, each to the amount of his stock therein, at the par value thereof, in addition to the amount invested in such stock. . . ."

Section 66 is:

"Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

The petitioner asserts these sections give his claim a quality so superior to that of other contingent claims against a decedent's estate that it must be recognized by state tribunals without regard to limitations upon allowance imposed by state laws.

The liability is imposed by the statute.[1] The original subscriber and likewise an immediate or remote vendee of the shares assumes a status,—that of stockholder. The assumption of this status involves whatever conditions or burdens the federal statutes have imposed as incident to the holding of national bank shares. The contingent

---

[1] *McClaine* v. *Rankin*, 197 U. S. 154, 161; *Christopher* v. *Norvell*, 201 U. S. 216, 225; *McDonald* v. *Thompson*, 184 U. S. 71, 73, 74; *Forrest* v. *Jack*, 294 U. S. 158, 162.

obligation to pay an assessment is rendered absolute by the Comptroller's action in ordering one; whether that action be taken during the stockholder's life or after his death. From the moment of the Comptroller's order for assessment the bank's receiver has a claim which would support an action of debt at common law against a living stockholder, or the executor of a deceased stockholder. And if assessment be made after the estate of a deceased stockholder has been distributed the receiver may proceed to recover the amount from distributees or heirs, if, and to the extent, they are liable for debts of the estate under the law of the domicile.[2]

The first clause of § 66 obviously was intended to exempt from personal liability the executor, administrator, guardian or trustee who holds stock as such fiduciary whether standing of record in his name or in that of the decedent, ward, or settlor. The second declares that the estate and funds in the hands of an executor shall be liable as the testator would have been if living, competent, and a stockholder of record. The question is whether this clause adds anything to the obligation of the decedent which is cast upon his estate by operation of law irrespective of § 66.[3] Does it impose upon the estate a liability differing from that which the law fastens upon the personal representative to discharge out of the estate, debts accruing before or after the decedent's death? We think that, as the first clause exonerates the fiduciary from personal liability, the second negatives the inference that the exoneration is to·extend to the decedent's estate. This was the view taken by Judge Shipman in *Davis* v. *Weed,* 7 Fed. Cas. 186 (44 Conn. 569):

"I do not think that section 5152 [§ 66] was intended to affect the liability for assessments of estates in process

---

[2] *Matteson* v. *Dent,* 176 U. S. 521; *Forrest* v. *Jack, supra; Seabury* v. *Green,* 294 U. S. 165.

[3] *Matteson* v. *Dent, supra.*

of settlement. The principal object of the section was to prevent a personal liability from running against executors, administrators, trustees or guardians, who had purchased as trustees, or to whom had been transferred in their names as trustees national bank stocks for the benefit of the trust estates. Having by such purchase voluntarily entered into a contingent liability for assessments, it might be claimed that a judgment *de bonis propriis* could be rendered against them. The main object of the section was to prevent personal judgments being rendered against such persons in whom the stock stood on the books of the bank as trustees."

The statute evidences no intent to prefer the assessment over other claims against the estate, or to exempt the receiver from the pursuit of the remedy prescribed by the local law for collection of claims of the same sort.

Section 64 gives the receiver no lien for the amount of the assessment against the property of a living stockholder. The claim may only be recovered by suit or action. The judgment obtained is collectible like any other; it has no preference in distribution if the debtor's property be in the hands of a receiver, if he has made an assignment for the benefit of creditors, or become bankrupt. Section 66 makes a deceased stockholder's estate liable in like manner, and to the same extent, as he would have been if living. As no lien is created against the property of a living stockholder by § 64, § 66 imposes none against his estate.[4]

The statute creates an unsecured and unpreferred claim against a decedent's estate. Where the assessment has

---

[4] In *Witters* v. *Sowles*, 32 Fed. 130, 140, and in *Drain* v. *Stough*, 61 F. (2d) 668 there are statements that the statute imposes a lien on estate assets. In *Rankin* v. *Miller*, 207 Fed. 602, 611 one ground of decision was that such a lien existed. So in *Drake* v. *Dilatush*, 16 F. Supp. 120, the District Court for Eastern Illinois by decree imposed a lien upon the assets of a decedent's estate held by the executor, under circumstances like those presented in the instant case.

been made in the decedent's lifetime an accrued and provable debt exists against his estate; if made after his death a claim against the funds and assets of the estate accrues as of the date of assessment.

Although the petitioner's demand is based upon a federal statute, he may enforce it only in conformity to the law of the forum governing the recovery of debts of like nature. He might have sued in a federal court. Notwithstanding the statute providing that the citizenship of a national bank, for purposes of federal jurisdiction, shall be as if it were a corporation of the state where it has its place of business, the receiver is an officer of the United States and, as such, entitled to sue for assessments in a federal court, irrespective of the citizenship of the parties or the amount in controversy.[5] If he elect so to do, R. S. 721 (28 U. S. C. § 725) governs the trial:

"The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

In such a proceeding the state statute of limitations will be applied;[6] and it seems that the local substantive law governing property rights in stock will be observed.[7] Nor does the principle that the jurisdiction of courts of the United States cannot be defeated by a state's laws limiting redress of its own citizens to certain tribunals[8]

[5] *Kennedy* v. *Gibson*, 8 Wall. 498; *Price* v. *Abbott*, 17 Fed. 506; *Armstrong* v. *Trautman*, 36 Fed. 275; *Brown* v. *Smith*, 88 Fed. 565; *Stephens* v. *Bernays*, 41 Fed. 401, affirmed by C. C., 44 Fed. 642; *Rankin* v. *Herod*, 140 Fed. 661. See also *United States* v. *Weitzel*, 246 U. S. 533, 541.

[6] *McDonald* v. *Thompson, supra; McClaine* v. *Rankin, supra; Morgan* v. *Hamlet*, 113 U. S. 449.

[7] *Keyser* v. *Hitz*, 133 U. S. 138; *Christopher* v. *Norvell, supra.*

[8] *Suydam* v. *Broadnax*, 14 Pet. 67; *Union Bank* v. *Vaiden*, 18 How. 503; *Hyde* v. *Stone*, 20 How. 170; *Lawrence* v. *Nelson*, 143 U. S. 215.

create such inconsistency or conflict as to require the over-riding of the law of the state with respect to distribution of the estate of a decedent. Where, as here, a *res* has come into the possession and under the control of a state court, one having a right to go into the federal court, either by reason of diversity of citizenship, or because he is a federal officer, cannot obtain a judgment or decree entitling him to interfere with the administration of the *res* by the court having its possession. While he may not be denied his right to prosecute an action to judgment or a suit to final decree in the federal court, such judgment or decree can do no more than adjudicate the validity and amount of his claim. The marshalling of that claim with others, its priority, if any, in distribution, and all similar questions, are for the probate court upon presentation to it of the judgment or decree of the federal court.[9] Thus, though a receiver should resort to the United States District Court, he would need to present, in a probate court, any judgment obtained, if he desired payment from the assets under the control of the latter.

The receiver may, as petitioner elected to do, prosecute his claim in a state court. If he does, at least in the absence of Congressional declaration to the contrary, the litigation will be governed by the common and statutory law of the state. Thus the local statute of limitations applies;[10] and the local law as to the extinguishment of the estate and the liability *vel non* of distributees controls.[11]

If the state law requires a claim for an assessment to be prosecuted in an action of debt, the receiver cannot elect to bring some other form of action or to sue in equity;

[9] *Yonley* v. *Lavender*, 21 Wall. 276; *Byers* v. *McAuley*, 149 U. S. 608; *Security Trust Co.* v. *Black River National Bank*, 187 U. S. 211, 227.

[10] *McDonald* v. *Thompson, supra; McClaine* v. *Rankin, supra.*

[11] *Matteson* v. *Dent, supra; Forrest* v. *Jack, supra; Seabury* v. *Green, supra.*

conversely, if the law prescribes a suit in equity, the receiver cannot bring an action at law. And if under the state statutes demands against a decedent's estate must be proved in a probate court, the receiver cannot pursue some other form of action. This is not to say that a state may deny all remedy for the substantive right arising out of the federal statute (see *Seabury* v. *Green, supra*); it is merely to say that if the state does not discriminate against the receiver's claim in favor of others of equal dignity and like character, there is no warrant for exempting the claim from the effect of local statutes governing procedure or limiting the time for prosecution of action.

The petitioner, having elected to prove his claim in the appropriate state court, is bound by the laws of Illinois as to the enforcement of such claims, provided those laws are nondiscriminatory and operate equally upon all claims of the class in which his belongs.

The relevant statute is § 70 of the Illinois Administration Act[12] which provides that five classes of claims against decedents' estates shall be preferred in the order named, e. g., funeral expenses, costs of administration, widow's share, etc. The sixth class is:

"Sixth. All other debts and demands of whatever kind without regard to quality or dignity, which shall be exhibited to the court within one year from granting of letters as aforesaid.

"All claims and demands of whatever class not exhibited to the court within one year[13] from the granting of letters as aforesaid shall be forever barred as to property and estate of the deceased which has been inventoried or accounted for by the executor or administrator; and if the executor or administrator shall thereafter file any inventory listing other estate not previously inventoried or

---

[12] Chapter 3, ¶71 § 70 Ill. Rev. Stats., 1935.

[13] An earlier statute fixed the time at two years. Many of the Illinois cases cited arose under the prior law.

accounted for, and shall cause notice to be published in the manner provided by Section 60 of this Act, or give such other notice as the court may direct, of a day fixed upon, which shall be not less than three months after the date of such first publication, for the filing and exhibiting of further claims against said decedent, all claims not exhibited to the court prior to the date so fixed shall be forever barred as to the property and estate listed in such inventory, and the amount remaining due on all claims exhibited to the court on or prior to the day so fixed upon as aforesaid, including those filed within one year from the granting of letters, shall be paid *pro rata* out of such subsequently inventoried estate, saving, however, to infants, persons of unsound mind and persons in the employment of the United States or of this State and residing outside of the United States, the term of one year after their respective disabilities are removed to exhibit their claims."

In Illinois a creditor whose claim against a decedent's estate is not due may present it for allowance and settlement provided the liability of the decedent was absolute.[14] Contingent claims may not be proved.[15] Section 70 is not a general statute of limitations but a specific provision intended to facilitate the early settlement of estates.[16] It results that a claim not presented within the year, though not entitled to be paid from assets inventoried within the year, is not barred, but may be collected out

[14] Cahill's Ill. Stat. 1923, Ch. 3 ¶ 68; *Johnson* v. *Tryon*, 78 Ill. App. 158; *Dunnigan* v. *Stevens*, 122 Ill. 396; 13 N. E. 651; *Foreman Trust & Savings Bank* v. *Tauber*, 348 Ill. 280; 180 N. E. 827.

[15] *Stone* v. *Clarke's Administrators*, 40 Ill. 411; *Dugger* v. *Oglesby*, 99 Ill. 405; *Mackin* v. *Haven*, 187 Ill. 480; 58 N. E. 448; *Union Trust Co.* v. *Shoemaker*, 258 Ill. 564; 101 N. E. 1050; *Chicago T. & T. Co.* v. *Fine Arts Bldg.*, 288 Ill. 142; 123 N. E. 300; *Robison* v. *Harrington*, 61 Ill. App. 543; *Brown* v. *Rouse*, 116 Ill. App. 513; *Bocock* v. *Leet*, 210 Ill. App. 402.

[16] *Waughop* v. *Bartlett*, 165 Ill. 124; 46 N. E. 197; *Durflinger* v. *Arnold*, 329 Ill. 93; 160 N. E. 172.

of assets subsequently discovered; and this is so whether the failure timely to present the claim was due to the creditor's negligence, or to the fact that the claim was contingent in character and did not become absolute by the happening of the contingency during the year.[17] If the claim is contingent, and the liability of the estate does not become absolute until after the expiration of the year, the creditor may recover from the distributees to the extent of the assets received by them respectively.[18]

The claimant has only to present and prosecute his demand in the probate court, which has jurisdiction both of legal demands and those cognizable in equity.[19] While, therefore, the creditor need not resort to a court of law or equity to establish his claim, he may do so, since the jurisdiction of those courts over such claims has not been abolished.[20] He may present his claim to the probate court and, at the same time, proceed in equity in the circuit court for specific performance of the contract out of which the claim arises;[21] or present a mortgage note to

[17] *Peacock* v. *Haven*, 22 Ill. 23; *Russell* v. *Hubbard*, 59 Ill. 335; *Shephard* v. *Rhodes*, 60 Ill. 301; *Shepard* v. *National Bank*, 67 Ill. 292; *Snydacker* v. *Swan Land Co.*, 154 Ill. 220; 40 N. E. 466; *Union Trust Co.* v. *Shoemaker*, 258 Ill. 564; 101 N. E. 1050; *Chicago T. & T. Co.* v. *Fine Arts Bldg.*, 288 Ill. 142; 123 N. E. 300; *People* v. *Small*, 319 Ill. 437; 150 N. E. 435.

[18] *Snydacker* v. *Swan Land Co.*, 154 Ill. 220; 40 N. E. 466; *Union Trust Co.* v. *Shoemaker*, 258 Ill. 564; 101 N. E. 1050; *Beebe* v. *Kirkpatrick*, 321 Ill. 612; 152 N. E. 539; *Durflinger* v. *Arnold*, 329 Ill. 93; 160 N. E. 172; *Whittemore* v. *Weber*, 217 Ill. App. 628.

[19] *Hurd* v. *Slaten*, 43 Ill. 348; *Matter of Corrington*, 124 Ill. 363; 16 N. E. 252; *Matthews* v. *Kerfoot*, 167 Ill. 313; 47 N. E. 859; *Trego* v. *Cunningham's Estate*, 267 Ill. 367; 108 N. E. 350; *Pollock* v. *Cantlin*, 253 Ill. App. 229; *In re Estate of Kinsey*, 261 Ill. App. 481.

[20] *Rosenthal* v. *Magee*, 41 Ill. 370; *Wells* v. *Miller*, 45 Ill. 33; *Mason* v. *Tiffany*, 45 Ill. 392; *Darling* v. *McDonald*, 101 Ill. 370; *Roberts* v. *Flatt*, 142 Ill. 485; 32 N. E. 854; *Bradwell* v. *Wilson*, 158 Ill. 346; 42 N. E. 145.

[21] *Aldrich* v. *Aldrich*, 287 Ill. 213, 224; 122 N. E. 472; *Crawley* v. *Howe*, 223 Ill. App. 394, 398.

the probate court and bring suit in equity to foreclose the deed of trust securing it so as to share in estate assets for any deficiency in his security.[22] But whatever the forum in which he prosecutes his demand, no execution is issued upon the judgment or decree obtained. Whether the claim is presented to the probate court or litigated in some other, within the year, the judgment is that the claim be paid "in due course of administration,"—that is, by an order of distribution out of the proceeds of inventoried assets.[23] If judgment is recovered upon a demand, presented to the probate court or prosecuted at law or in equity after the expiration of the year, the judgment is special, that the claim be paid out of assets inventoried or discovered after the lapse of the year, like the common law judgment *quando acciderint;*[24] or that it be enforced against distributees.[25] The only bar to the recovery of such a judgment is the general statute of limitations.[26]

A creditor cannot subject inventoried assets, undistributed and held by the administrator, to the payment of his claim by instituting, after the expiration of the year, and prosecuting to judgment, an action of debt against the administrator.[27] Nor can one who has failed to present his claim to the probate court, or to institute suit or action on it, within the year, resort to a court of equity

---

[22] *Kittredge* v. *Nicholes,* 162 Ill. 410, 412; 44 N. E. 742; *Dyer* v. *Hall,* 201 Ill. App. 183.

[23] See the cases in Note 19. *Welch* v. *Wallace,* 8 Ill. 490; *Peck* v. *Stevens,* 10 Ill. 127; *Bull* v. *Harris,* 31 Ill. 487; *Dye* v. *Noel,* 85 Ill. 290.

[24] *Bradford* v. *Jones,* 17 Ill. 93; *Peacock* v. *Haven,* 22 Ill. 23; *Rosenthal* v. *Magee,* 41 Ill. 370; *Mulvey* v. *Johnson,* 90 Ill. 457; *Darling* v. *McDonald,* 101 Ill. 370, 374.

[25] *Roberts* v. *Flatt,* 142 Ill. 485; 32 N. E. 484; *Union Trust Co.* v. *Shoemaker,* 258 Ill. 564; 101 N. E. 1050.

[26] *Guy* v. *Gericks,* 85 Ill. 428; *Wilding* v. *Rhein,* 12 Ill. App. 384.

[27] *Pearson* v. *McBean,* 231 Ill. 536; 83 N. E. 173.

to have his demands paid out of undistributed inventoried assets.[28]

It is apparent that the decision under review enforces the policy of the state evidenced by § 70 of the Administration Act as it has been uniformly applied to claims of like character.

The petitioner relies on *Mortimer* v. *Potter*, 213 Ill. 178; 72 N. E. 817, but it is not in point. The claim of the receiver for an assessment in that case accrued after the estate had been fully administered and while the stock with respect to which assessment was levied was in the hands of a trustee to whom it was devised by the testator. Under the principles of Illinois law, as has been shown, such a devisee who received assets from the decedent's estate is liable for the assessment to the extent of those assets.

The petitioner also cites *Zimmerman* v. *Carpenter*, 84 Fed. 747, as authority in his favor. In that case a circuit court of the United States entered a decree charging the assets in the hands of an executor with the amount of an assessment levied after the decedent's death. It is not clear from the opinion whether the court thought that § 66 creates a lien on estate assets from the date of the bank's failure or construed the section as creating a claim *sui generis* enforceable directly against assets in the possession of the executor and under the control of a state court of competent jurisdiction. As we have shown above, either theory is wrong.

---

[28] *Strauss* v. *Phillips*, 189 Ill. 9, 23; 59 N. E. 560; compare *Blanchard* v. *Williamson*, 70 Ill. 647. The petitioner cites cases to the effect that probate courts in Illinois act upon equitable principles. Some of these are collected in Note 13, *supra*, but they go only to the point that in probating claims against an estate those courts recognize equitable doctrines, and do not remit a creditor to a court of equity if his claim is equitable rather than legal. No statute or case has been found indicating that these tribunals have independent equity jurisdiction.

In the absence of federal legislation giving priority to a claim for an assessment of stockholders' liability over other debts, or a lien upon the assets of a deceased stockholder's estate, or a special remedy, the claim is not entitled to distribution otherwise than as specified in a nondiscriminatory statute of the domicile. The judgment is

*Affirmed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.