LUTHER STONE

*v.*

CAROLINE CLARKE'S ADMINISTRATORS.

1. ADMINISTRATION OF ESTATES—*exhibiting claims prematurely.* A party who died intestate had, in her life-time, executed a bond of indemnity to another, the damages depending on a contingency which did not happen until after the lapse of two years from the granting of letters upon the obligor's estate. It was *held*, that the obligee's claim did not accrue within the two years, and no suit could be instituted upon the bond within that time, and consequently his claim was barred, except as to future discovered property. And it seems an attempt to exhibit the claim within the two years, and before it accrued, would not avail the obligee so as to enable him to participate in assets which had been inventoried or accounted for within that time.

2. SAME—*future discovered estate—from what time a creditor's rights in respect thereto relate.* Where a creditor of an estate recovers a judgment after the lapse of two years from the granting of letters of administration, and upon a claim which did not accrue until after the two years had elapsed, it is error to confine him, in the satisfaction of his judgment, to assets which might be discovered and inventoried after it was rendered; he is entitled to participate in such assets as might be discovered and inventoried after the lapse of two years from the granting of the letters.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion of the court contains a statement of the case.

Messrs. ARRINGTON & DENT, for the appellant, contended that the notice served upon the administrators of Caroline Clarke, deceased, on the 16th and 17th of December, 1861, which is mentioned in the opinion of the court, and the filing of the bond in the County Court, was an "exhibiting" of the claim within two years after the granting of letters of administration, within the meaning of section 116 of the statute of wills.

Counsel further contended that, even if the claim of a creditor of an estate should be barred by reason of its not having been exhibited within the two years, he is entitled to participate in

any estate not inventoried or accounted for within that time, and cannot be restricted to assets which might be discovered or inventoried after the rendition of his judgment, which was at a subsequent period. *Sloo* v. *Pool,* 15 Ill. 47; *Bradford* v. *Jones,* 17 id. 93.

Mr. J. S. Page and Mr. E. A. Rucker, for the appellees.

Mr. Justice Breese delivered the opinion of the Court:

On the 16th of December, 1857, Caroline Clark executed and delivered to Luther Stone her obligation, in writing, under seal, in the penalty of $5,000, conditioned that if she should at all times thereafter save, defend and keep Stone, his heirs, etc., harmless and indemnified, of and from all actions, suits, costs, charges, damages and expenses whatsoever which should or might at any time thereafter happen or come to him, for or by reason of two promissory notes which Stone had before given to one Charles G. E. Prussing, and which were outstanding, or if those notes should at any time be canceled or annulled without Stone having to pay them, or if their collection should, as against him, be enjoined by competent authority, then the obligation was to be void, otherwise to remain in full force.

Simultaneous with the execution of this bond, it was agreed between the parties to it, that a suit should be prosecuted in Stone's name, but at the expense of Caroline Clark, for the purpose of perpetually enjoining the collection of those notes, and also to enable Stone to recover back certain moneys he had before paid Prussing on the same transaction, the benefit of which was to inure to Caroline Clark.

Caroline Clark soon after died, and letters of administration on her estate were duly granted on the 18th of January, 1860. Stone served a notice on her administrators on the 16th and 17th of December, 1861, notifying them that this obligation had been filed in the office of the clerk of the Cook County Court, and that he paid the intestate $2,536, partly in cash and partly by notes, at the time of the execution of the bond, one

of which notes he had not taken up, although he had been ready to pay it, if the conditions of the bond were fulfilled, but which he was unwilling to pay her administrators unless they were fulfilled, he regarding the bond as a just set-off against the note. The notice also recited that he, Stone, claimed that the outstanding and unpaid note should be canceled, and that he should have a judgment for the full amount of the damages, costs, charges and defenses for which he was held liable on account of the two notes to Prussing mentioned in the bond, which notes had been sued in the Superior Court of Chicago. With this notice a copy of the bond was delivered to the administrators. No further proceedings appear to have been had under this notice.

On the 4th of March, 1862, Stone, having filed the bond in the County Court, ordered a summons to issue to the administrators to appear and defend against the claim, in pursuance of section three of the act of 1859 entitled "An act to reform the probate system." Accompanying the bond so filed was a bill of particulars by Stone, showing the extent of his claim, the first item of which is under date of March 7, 1864, and is the judgment paid Lull and Meyers, rendered on one of the notes mentioned in the bond, and stated at $1,920.

The County Court, deeming his claim just and equitable, allowed it for the sum of $2,388.62, and placed it in the fourth class, and, it appearing to the court that the claim was not presented until more than two years from the date of the letters of administration, it was ordered that the same should be paid out of property not inventoried or accounted for by the administrators, and that Stone pay the costs.

From this order Stone appealed to the Circuit Court, in which, at the January Term, 1856, the cause having been submitted for trial to the court without a jury, the judgment of the County Court was affirmed for $2,584.08, excluding it from any share in the money ready for distribution, and ordering that the claim should be paid out of the estate not inventoried, or accounted for by the administrators, and not in due course of administration.

To reverse this judgment, this appeal is prosecuted by Stone.

When Stone presented his bond to the County Court, in December, 1861, it does not appear he had been at that time damnified, and, therefore, had then no claim for damages against the obligor's estate, nor, as the record shows, did he have an established claim to a large portion of that which was allowed him as damages, until after the trial was commenced in the County Court by summons. It was a bond of indemnity, the damages depending on a contingency which he did not show had happened. Stone certainly had no claim until he was damnified, and as he was not liable on the notes and thereby suffered damage, until after the lapse of two years, his claim had not accrued within two years, and no suit could have been, or was instituted, within the two years, consequently Stone's claim was barred, except as to future discovered property. (Scates' Comp. 1209.)

But the order of the Circuit Court is wrong in form, as it confines Stone to assets which might be discovered and inventoried after the rendition of the judgment, which is the import of this order, instead of to such assets as might be discovered and inventoried after the lapse of two years from the granting of letters of administration.

We do not deem it necessary to consider any other point made in this case as it is now presented.

For the errors in the entry of the judgment, the judgment must be reversed and the cause remanded.

*Judgment reversed.*