JOSEPH L. SNYDACKER, Admr.

*v.*

THE SWAN LAND AND CATTLE COMPANY, Limited.

*Filed at Ottawa January 15, 1895.*

LIMITATIONS—*claims against estates of deceased persons.* An assessment against a decedent's estate upon corporate stock is barred, except as to subsequently discovered estate, by failure to exhibit it within two years from the grant of letters, as required by statute, although the assessment was not made until the two years had expired. Language used in *Suppiger* v. *Gruaz*, 137 Ill. 216, disapproved.

*Snydacker* v. *Swan Land and Cattle Co.* 51 Ill. App. 211, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

OTIS & GRAVES, for appellant.

SWIFT, CAMPBELL, JONES & MARTIN, for appellee.

PHILLIPS, J.: The facts in this case and the questions of law presented on this record are substantially the same as in the case of *Mandel* v. *Swan Land and Cattle Co. ante,* p. 177, with the additional question arising on a demurrer to appellant's third plea, which is as follows:

"For a further plea in this behalf the defendant says *actio non,* because he says that he was appointed as administrator of the estate of Louis Snydacker, deceased, by the probate court of Cook county, Illinois, on the 26th day of February, 1885; that he qualified as such administrator and accepted of said trust, and within six months thereafter gave notice, in manner and form provided by law, for all persons having claims on said estate of Louis Snydacker, deceased, to attend at the term of said probate court within named for the purpose of having the same adjusted; that on the second day of April, 1885, he duly filed an inventory and appraisement of all the estate of said Louis Snydacker, deceased, which was duly approved by the said probate court; that more than two years had elapsed since the grant of said letters of administration to him as aforesaid, prior to the commencement of this suit, and that the said plaintiff has not, and did not at any time within said two years, present to said probate court or exhibit to this defendant its said claim against said estate, or this defendant, as administrator thereof; that the said plaintiff was not and is not under any of the disabilities named, specified and provided by statute in that behalf, and that thereby the said alleged claim of the said plaintiff in the said declaration men-

tioned became and was absolutely and forever barred against this defendant, as administrator, except as to the estate of the said Louis Snydacker, deceased, which has not been and was not inventoried and accounted for by this defendant, as aforesaid; and this the defendant is ready to verify."

The demurrer was sustained in the court below, and the judgment against the defendant, as administrator, was entered for $453.26, the amount of the call and interest, payable in due course of administration. The plea was interposed to a declaration filed in a suit commenced March 21, 1890, and seeks a recovery against the estate of the deceased, and is not prosecuted against the heirs under the provisions of chapter 59 of the Revised Statutes, entitled "Frauds and Perjuries."

The statute of Illinois in reference to claims against estates, by the seventh subdivision of section 3 of chapter 70, provides that debts and demands of the class to which this claim belongs "shall be exhibited to the court within two years from the grant of letters aforesaid, and all demands not exhibited within two years, as aforesaid, shall be forever barred, unless the creditors shall find other estate of the deceased not inventoried or accounted for by the executor or administrator, in which case their claims shall be paid *pro rata* out of such subsequently discovered estate."

The declaration alleges that the stock of the appellant's intestate was not fully paid in his lifetime ; that its par value was £10 per share, of which only £6 per share had been paid in, but that the call upon which the judgment below was based was made on the 11th day of October, 1887, more than two years after the grant of the letters of administration, so that the claim did not accrue, or at least no call was made, until after the two years provided by law for the exhibition of claims had expired. This provision of the statute as to the time within which claims are required to be filed and the judgment to be

entered has been frequently before this court, and it has been uniformly held that claims not presented within two years can only be paid out of subsequently discovered estate not inventoried or accounted for, and the judgment should be special, and not general. *Darling* v. *McDonald,* 101 Ill. 370; *Roberts* v. *Flatt et al.* 142 id. 485; *Russell* v. *Hubbard et al.* 59 id. 335, and authorities cited.

*Stone* v. *Clarke's Admrs.* 40 Ill. 411, was a case where letters of administration were granted on the 18th day of January, 1860, and the administrator was summoned to defend against a claim filed by Stone on the fourth day of March, 1862. The claim was based on an indemnifying bond made by Clarke, and no damage resulted to Stone until more than two years after letters of administration were granted, and it was held: "Stone certainly had no claim until he was damnified, and as he was not liable on the notes, and thereby suffered damage, until after the lapse of two years, his claim had not accrued within two years, and no suit could have been or was instituted within the two years, consequently Stone's claim was barred, except as to future discovered property."

It is strenuously insisted by the counsel for appellee that *Stone* v. *Clarke's Admrs.* was overruled by the case of *Dugger* v. *Oglesby,* 99 Ill. 405, and *Suppiger* v. *Gruaz,* 137 id. 216, and counsel also cite *Payson* v. *Haddock et al.* 8 Biss. 293, as establishing a rule inconsistent with that in *Stone* v. *Clarke's Admrs.* The case of *Dugger* v. *Oglesby, supra,* was brought under the provisions of chapter 59 of the Revised Statutes, making the widow and heirs parties, and averring the descent of property, etc. Five of the heirs were minors, and "Alford J. Parkinson, administrator of said estate and guardian of the five minor heirs," was in that capacity made co-defendant, as appears from the original record, which we have inspected. The questions involved were wholly dissimilar to those in *Stone* v. *Clarke's Admrs.*, and the court, in holding that the Statute of Limitations of two years did not apply to that form of action,

said: "Another objection made to a recovery is, that the claim was not filed against the estate of Dugger within the two years after the grant of administration. Letters of administration were taken out in 1869, and the claim now sued on was never filed against the estate. The statute provision is, that all demands against an estate not exhibited to the county court within two years from the granting of letters of administration shall be forever barred, except as to subsequently discovered estate not inventoried or accounted for by the executor or administrator. All the property, both real and personal, belonging to the estate was inventoried by the administrator, so that there are no subsequently discovered assets. The eviction did not take place until in 1874. Thus the cause of action here did not in fact accrue until long, and more than two years, after the death of the ancestor and the granting of letters of administration and the settlement of his estate. The cause of action here is not a demand which could have been exhibited to the court, proved or allowed against the estate of Dugger any time within two years after the granting of administration on his estate, it not accruing until afterwards." *Dugger's case* in no way controlled or modified *Stone's case*, which was not alluded to in that opinion.

The case of *Suppiger* v. *Gruaz*, *supra*, arose under the act concerning voluntary assignments, section 10 of which requires creditors to exhibit their claims within three months from the publication of notice to be entitled to participate in dividends, before all claims presented within that time are paid in full. In the latter case the rule announced in *Stone's case* is treated as overruled by *Dugger's case.*

The case referred to by counsel in Bissell's Reports was similar to *Dugger's case.* The administration was closed and the estate distributed to the heirs-at-law, and a bill was filed against such heirs to recover an assessment on stock made more than two years after the grant-

ing of letters, and to that bill a demurrer was interposed, invoking the provisions of section 70 of chapter 3, and it was urged that the claim should have been exhibited to the administrator before his discharge, and should have been proven and allowed by the county court, and the failure to so exhibit and have the same allowed was a bar to the claim, and the court cited with approval the syllabus of *Hall* v. *Marten*, 46 N. H. 337, saying it fairly stated the case, as follows: "At common law the heir was liable on the covenants of his ancestor, in which he was especially bound, just so far and no farther as he had assets by descent, and as real estate alone descended to heirs his liability was limited to that. But where, by our statute, the personal estate is made to descend to heirs substantially in the same way, a correct application of the common law principle requires it to be treated as assets in his hands equally with the real estate; and it was therefore held that such heir is liable on the covenants of his ancestors which could not have been proved while the estate was in the course of administration, to the extent of the personal as well as the real estate which has so descended to him. Suits against an heir or devisee are not barred by the provisions of the Revised Statutes limiting actions against executors or administrators of solvent estates, where no funds are retained for contingent claims by order of the judge of the probate court, to three years from the original grant of administration; but the limitation applies only to suits against the executor or administrator, and therefore the remedy against the heir or devisee upon claims which could not be proved during the three years, because contingent, is not barred by these provisions, but remains as in the case of insolvent estates." The court, thus quoting, approvingly adds: "The general principle laid down is this: that the heir is liable, to the extent both of the personal and real estate received from his ancestor, for the contracts or liabilities of the ancestor, and that where these claims have

not accrued until after the administration of the estate is closed, suit may be brought and maintained against the heir to the extent of such assets which he derived from the ancestor. At common law the heir was not liable for the debts of the ancestor except upon covenants or bonds under seal, where the heir was specially named, and in those cases only to the extent of the real estate, because he only received real estate by descent." And the court holds that in such suit the bar of the statute of two years is held not to apply in actions against the heir. It is the same principle as held in *Dugger's case.*

What has been said in the discussion of the foregoing cases is not intended to qualify or modify anything held in *People, use, etc.* v. *Brooks,* 123 Ill. 246.

By the express terms of the statute it is made to apply to claims filed against the estate as exhibited to the court, and unless its terms are not regarded it must be held to bar claims against an estate after two years, except as to subsequently discovered estate not inventoried or accounted for. Anything said in *Suppiger* v. *Gruaz,* in argument, inconsistent with what is here said, must be considered as disapproved. It was error to sustain the demurrer to the plea.

What has been said in *Mandel* v. *Swan Land and Cattle Co. ante,* p. 177, also applies to this case.

The judgment is reversed, and the cause is remanded to the circuit court of Cook county.

*Reversed and remanded.*

BAKER, J.: I do not concur.