LEO RASSIEUR

*v.*

ROBERT E. JENKINS, Assignee.

*Opinion filed December 22, 1897.*

VOLUNTARY ASSIGNMENTS—*claims not due should be presented within three months after assignee's notice.* Under section 10 of the Assignment act, (Laws of 1877, p. 119,) claims, whether due or to become due, must be presented within three months after the giving of the assignee's notice provided for in section 2 of the same act, or they cannot participate in dividends until after the payment of claims duly presented.

*Rassieur* v. *Jenkins*, 64 Ill. App. 336, affirmed.

APPEAL from the Appellate Court for the First Dis-. trict;—heard in that court on appeal from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

The Consolidated Ice Machine Company, a corporation, made an assignment for the benefit of creditors to Robert Jenkins, on October 14, 1890. The assignee gave notice to creditors to present claims against the insolvent estate in pursuance of the statute, which notice was published in 1892. The appellant, claiming to be liable on account of having signed certain bonds as security for the insolvent corporation, which bonds provided for the protection of certain parties against suits for infringement of letters patent, and from any damages that might result from suits which might arise on account of using ice machines manufactured by the insolvent ice machine company or corporation, presented a claim to the assignee on April 22, 1895, which claim was filed by the assignee in the county court of Cook county on September 18, 1895. On the presentation of such claim the county court of Cook county entered an order refusing to allow the same until all claims against the insolvent corporation which had been presented within three months after the pub-

lication by the assignee of the notice to present claims against the estate were paid in full, and also denying the petition of appellant to stay any dividend of such creditors until the further order of the court. At the same time said order was so entered by the county court, the assignee filed his report and account therein, showing a balance of cash on hand amounting to $57,209.98, with outstanding accounts estimated to be worth $10,000. The claim of appellant was a contingent claim, which he asserted he believed would amount to the sum of $50,000 by reason of his being such surety on said bonds. From the order disallowing the claim and denying the right to participate in any dividends from said insolvent estate until all claims presented and filed within three months after the publication of notice to creditors was made by the assignee, and denying the petition to stay any dividends until further order of court, the petitioning creditor appealed to the Appellate Court, where there was an affirmance, and this appeal is prosecuted.

JOHN H. HILL, for appellant.

OTIS & GRAVES, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

By section 2 of the act in reference to voluntary assignments (Hurd's Stat. p. 159,) it is provided: "The assignee or assignees named in such assignment shall forthwith give notice thereof by publication in some newspaper published in the county, * * * and shall also forthwith send a notice thereof by mail to each creditor of whom he or they shall be informed, * * * notifying the creditors to present their claims, under oath or affirmation, to him within three months thereafter." By section 10 of the same statute it is provided: "Any creditor may claim debts to become due as well as debts due, but on debts not due a reasonable abatement shall be

made when the same are not drawing interest; and all creditors who shall not exhibit his, her or their claim within the term of three months from the publication of notice, as aforesaid, shall not participate in the dividends until after the payment in full of all claims presented within said term and allowed by the county court." The latter section expressly provides for allowance of debts to become due as well as debts due, and is susceptible of no other construction than that claims not presented within three months cannot participate in the dividends until after the payment in full of all claims presented to and allowed by the county court within that time.

The language of the above statute, as well as its spirit, is similar to that of sections 60, 67 and 70 of the statute in relation to the administration of estates of deceased persons. (Hurd's Stat. p. 115.) By section 60 of that act it is provided that "every administrator or executor shall fix upon a term of the court, within six months from the time of his being qualified as such administrator or executor, for the adjustment of all claims against such decedent, and shall publish a notice thereof," etc. By section 70 of the same act it is provided that demands against the estates of decedents shall be classified, and by the seventh clause of the latter section it is declared with reference to the allowance of claims, that "all other debts and demands of whatever kind, without regard to quality or dignity, which shall be exhibited to the court within two years from the granting of letters as aforesaid, and all demands not exhibited within two years as aforesaid, shall be forever barred, unless the creditors shall find other estate of the deceased not inventoried or accounted for by the executor or administrator, in which case their claims shall be paid *pro rata* out of such subsequently discovered estate." By section 67 of the same act it is provided that "any creditor whose debt or claim against the estate is not due may nevertheless present the same for allowance and settlement, and shall there-

upon be considered as a creditor under this act, and shall receive a dividend," etc.

By the provisions of section 67 of the act in relation to the administration of estates, debts to become due are to be allowed and are to participate in the dividends of the estate as inventoried, in the same way and to the same extent as provided by section 10 of the act in relation to voluntary assignments for the benefit of creditors. The provision of the act in relation to the administration of estates by which claims not presented within two years were not permitted to participate in the dividends of inventoried property theretofore made, was before this court in *Stone* v. *Clark's Admrs.* 40 Ill. 411, where letters of administration were granted on the 18th day of January, 1860, and the administrator was summoned to defend against a claim filed by Stone on the 4th day of March, 1862. The claim was based on the indemnifying bond made by Clark, and no damage resulted to Strong until after letters of administration were granted; and in that case it was held that the claim, not having been presented within two years from the granting of letters of administration, was barred except as to future discovered assets. That case was followed by *Snydacker* v. *Swan Land and Cattle Co.* 154 Ill. 220, where a claim was sought to be recovered after the lapse of two years from the time of the publication of notice to present claims and of the appointment of the administrator, and in the latter case it was held that by the express terms of the statute claims not filed against an estate and exhibited to the court within two years were barred as to any dividends, except as to subsequently discovered assets not inventoried or accounted for.

The claim in *Stone* v. *Clark's Admrs.* 40 Ill. 411, was a contingent claim, dependent upon an event happening more than two years after the appointment of the administrator and the notice to present claims, and in this respect is similar to the case now under consideration, where

the claim is presented as a contingent claim dependent on events to happen after its presentation, by which the appellant might sustain a loss, as set forth in his claim, amounting to $50,000. The language of the sections of these two statutes with reference to the presentation of claims for debts, whether due or not, is so alike that a construction given to one must be given to the other, and the language of section 10 of the act in relation to assignments for the benefit of creditors is susceptible of no other construction than that claims which are not presented within three months from the publication of notice by the assignee should not participate in dividends until after payment in full of all claims presented within that time.

It is insisted that the case of *Suppiger* v. *Gruaz*, 137 Ill. 221, is in conflict with the view herein announced. That case was considered in *Snydacker* v. *Swan Land and Cattle Co. supra*, and to the extent it was in conflict with what was declared in *Stone* v. *Clark's Admrs. supra*, was disapproved. We hold, therefore, that claims against an estate which has been assigned for the benefit of creditors, whether due or to become due, must be presented within three months of the time of publication of notice, as provided for in that act, or the same cannot participate in dividends until after the payment of all claims presented within that time and allowed by the court. If a different rule should be applied, then in contingent claims like this, where years might elapse before the amount of the claim was determined as against the creditor, to allow petitions to stay dividends would render the settlement of insolvent estates the work of years, instead of being determined with dispatch, as was the evident intent of the act.

The court did not err in refusing to grant the prayer of the petition, nor in refusing to allow appellant's claim until after the payment of all claims which had been presented within three months from the time of publication of notice. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*