Charles F. Morse et al. v. Jennie L. Gillette et al.

93    23
p93    32
p93    34
p93    40
93    23
a191s 371

1. LIMITATIONS—*Settlement of Estates—Time for the Presentation of Claims.*—Under the statute of this State, unless a claim against the estate of a deceased person is presented in some manner against the representatives of his estate, in a court of competent jurisdiction, within two years after the issuing of letters testamentary or of administration, satisfaction of such claim by the personal representatives can be enforced only from subsequently discovered assets.

2. SAME—*For the Presentation of Claims Against the Estates of Deceased Persons, a Specific Act.*—The statute requiring claims against the estates of deceased persons to be presented within two years after the date of the issuing letters testamentary or of administration thereon is not a general statute of limitation, but a specific act adopted for the particular purpose of facilitating the early settlement of estates.

3. SAME—*Liability of Deceased Stockholders—Settlement of Estates.*— A claim against the estate of a deceased person on account of his liability as a stockholder in an incorporated company is simply and only a claim for the payment of the balance due and unpaid upon the capital stock of the company, a debt due and owing and subject to the same limitations and defenses as other debts. The estate is not held in trust for its payment in any other sense, or to any greater extent than it is for the payment of any other debt owing by the deceased.

4. REVIVOR—*Bill for, to be Filed Within Two Years—Limitations —Administration of Estates.*—A bill of revivor by the creditors of an insolvent corporation for the purpose of charging the estate of a deceased holder of shares in such corporation, not filed in a court of competent jurisdiction within two years from the issuing of letters testamentary or of administration, can be enforced only from the assets of the estate subsequently inventoried.

Bill to Enforce a Stockholders' Liability.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed January 15, 1901.

Statement by Mr. Justice Horton.—January 19, 1891, the original bill of complaint in this cause was filed in the Circuit Court of Cook County by Charles F. Morse in his own behalf, and on behalf of all creditors of the Pacific Railway Company. The corporation and all of its stockholders were made parties defendant thereto. Said bill was filed and the cause prosecuted under Sec. 25, Ch. 32, R. S. of Ill., entitled Corporations, for the purpose of enforcing stockholders' liability.

James F. Gillette, who held and owned 250 shares of the capital stock of said corporation, was made a party defendant to said bill and appeared and filed his answer thereto. September 17, 1894, and while said cause was pending in the Circuit Court, and before final decree was entered therein, said James F. Gillette departed this life.

Upon appeal, the final decree in said cause was reversed by the Appellate Court with directions. (66 Ill. App. 320.) In the Supreme Court the judgment of the Appellate Court was affirmed but its directions were modified. Sprague v. National Bank of America, 172 Ill. 149.

Said James F. Gillette left him surviving Jennie L. Gillette, his widow, Howard F. Gillette, his son, and Mary A. Gillette, his daughter (now Mary A. Gillette Dempster), his sole heirs at law. Said James F. Gillette left a last will and testament designating the Illinois Trust and Savings Bank and said Jennie L. Gillette as executors and trustees.

September 25, 1894, the will of Mr. Gillette was admitted to probate in the Probate Court of Cook County and said executors qualified as such and accepted the trust imposed by the will. Said executors gave notice, as provided by statute, to all persons having claims against the estate of said James F. Gillette, deceased, to present the same at a time designated.

June 27, 1897, said executors made their final account in said estate and turned over and delivered to themselves, as trustees, personal property to the amount of nearly $270,000, after the payment of all debts presented and allowed against said estate.

June 20, 1898, appellants filed their bill of revivor in said cause, naming as defendants therein, the executors and heirs of said James F. Gillette, deceased. The scope and prayer of such bill of revivor is that the defendants thereto, pay out of the personal estate of said James F. Gillette the amount found to be due upon the stock of said railway company held by him in his lifetime. He held 250 shares of such stock, upon which it was claimed that there was due $68 per share, making the claim of appellants $17,000. There is no contention but that the personal estate left by said James F. Gillette was far more than the amount claimed by appellants, after all claims against said estate had been fully paid.

Said bill of revivor was not filed until three years and nine months after the death of said James F. Gillette and the probating of his will. Appellants did not, at any time within two years from the date of granting letters testamentary upon the probating of said will, file their claim in said Probate Court against said estate, or commence any suit against said executors, or suggest the death of said James F. Gillette in the suit pending at the time of his death, or file a bill of revivor, or in any manner take any proceedings, or do anything to assert their claim against said estate, or said executors or trustees or said heirs.

July 1, 1898, the Circuit Court by its decree adjudged that if appellees are liable, that liability is $68 per share upon 250 shares of stock, and ordered:

" That the question as to whether the estate of the said James F. Gillette, or whether the said defendants, or any property in their possession, are or is liable upon the whole of said stock, or upon said certificate issued in the name of said Gillette, or upon any part thereof, be referred to Jeremiah Leaming, Esq., Master in Chancery of this court, to ascertain and report his conclusions."

The master reported as follows, viz.:

" My conclusion is that the funds in the hands of the trustees received from the estate of the testator are held for the payment of the liability on this stock to the amount of sixty-eight (68) per cent thereof, being $17,000."

Exceptions to that report were filed by appellees and sustained by the trial court. Final decree was entered November 15, 1899, against the personal representatives of Mr. Gillette, but satisfaction thereof to be obtained only out of the estate and funds, not inventoried, if any, which are discovered after the expiration of two years from the date of the granting of letters testamentary. It is from that decree that this appeal was prayed and allowed.

WALKER & PAYNE, attorneys for appellants.

FOLLANSBEE & FOLLANSBEE and HOWARD F. GILLETTE, attorneys for appellees.

MR. JUSTICE HORTON delivered the opinion of the court.

Counsel for appellants in their brief say that " The only question to be here determined is whether this estate, still held by the executors or trustees, is chargeable with the amount found due the receiver and the creditors of the Pacific Railway Company."

The original suit against James F. Gillette was abated, as to him, by his death, but not as to the other defendants in that suit. (Sec. 12, Ch. 1, Rev. Stat. of Ill.)

It is contended by counsel for appellants that the "revival against the representatives of the estate of James F. Gillette, deceased, places the suit, and all the proceedings in it, in precisely the same plight, state and condition that the same were in at the time of the death of the defendant."

That position is not correct in all cases and under all circumstances. In Ch. 3, R. S. of Ill., provision is made for the presentation and classification of claims against a decedent's estate, and in Sec. 70, it is provided as follows, viz.:

" All demands not exhibited within two years, as aforesaid, shall be forever barred, unless the creditors shall find other estate of the deceased, not inventoried or accounted for by the executor or administrator, in which case their claims shall be paid *pro rata* out of such subsequently discovered estate."

The creditor must present his claim if he wishes to pre-

Morse v. Gillette.

vent the running of that statute. Roberts v. Flatt, 142 Ill. 485; Russell v. Hubbard, 59 Ill. 335.

It is contended by counsel for appellants and conceded by counsel for appellees, and is the law in this State, that appellants were not required to file their claim in the Probate Court and that the Circuit Court had jurisdiction to allow the same in a proper proceeding in that court. But the limitation in said section 70 is applicable to proceedings in the Circuit Court the same as in the Probate Court where the former court takes jurisdiction.

The case of Snydacker, Administrator, v. Swan Land Co., 154 Ill. 220, is, in the controlling question involved, very like the case at bar. That was a proceeding at law commenced in the Circuit Court of this county. A plea was interposed setting up the limitation of said section 70. To that plea a demurrer was filed which was sustained in the Circuit Court and a judgment was there entered against the defendant. Upon an appeal to the Appellate Court of this district that judgment was affirmed. But the Supreme Court reversed the judgment and remanded the case. That was a proceeding to recover the amount of an assessment or call made upon stock not fully paid. Such stock was held by appellant's intestate in his lifetime. The call was not made until more than two years after the granting of letters of administration to the appellant. The Supreme Court reviews at some length the former decisions of that court and most of the other cases cited by appellants in the case at bar upon this point, and holds that the claim was subject to the limitation imposed in said section 70.

That case is conclusive upon this court as to most, if not all, of the material questions presented in the case at bar.

The limitation in said section 70 is not a bar to an action upon the claim of appellants. (Smith v. Preston, 82 Ill. App. 285.) That limitation applies so as to exempt property inventoried, etc., within the two years named, but not subsequently discovered assets. (Waughop v. Bartlett, 165 Ill. 128.)

Although the suit abated by reason of the death of Mr.

Gillette, yet a bill of revivor would lie, against his personal representatives, to judicially establish the liability of his estate. That being the law, the question then arises whether satisfaction of a claim thus established is limited to subsequently discovered assets.

The question thus presented is settled by decisions of the courts of this State. Cases from other courts, if any, not in harmony therewith, can not prevail.

The present statute relating to the two-year limitation is the same as the statute of 1845. In the case of Stone v. Clark's Administrators, 40 Ill. 411, decided in 1866, it was held that even a contingent claim which did not accrue within the two years, and to recover which no suit could be instituted within that time, was barred except as to future discovered assets.

We understand it to be the settled rule in this State, and under the statute, that unless a claim against an estate is presented in some manner against the representatives of such estate, in a court of competent jurisdiction, within two years after the date of the issuing of letters testamentary or of administration, satisfaction of such claim by the personal representatives can be enforced only from subsequently discovered assets. Snydacker, Admin., v. Swan Land Co., 154 Ill. 220; Waughop v. Bartlett, 165 Ill. 124; Mackin v. Haven, 187 Ill. 480, 496.

As stated in the Waughop case (p. 128) the section of the statute in question is not a general statute of limitations, but "it is a specific act adopted for the particular purpose of facilitating the early settlement of estates."

The representatives of Mr. Gillette's estate were not brought into this suit by the bill of revivor nor were any proceedings of any kind commenced against them, or said claim presented, in any manner in any court for nearly four years after letters testamentary were issued.

It is also contended on behalf of appellants that equity, having taken jurisdiction of the subject-matter and parties to the action prior to the death of Mr. Gillette, and having taken cognizance of the controversy, will hold jurisdiction

until final determination.  Assuming such contention to be correct, it does not follow that the limitation in said section 70 does not apply.  Appellants are entitled to and secured a decree in their favor for the amount claimed to be due to them.  But it was provided in that decree, as it should be, that satisfaction thereof be secured only out of subsequently discovered assets.

It is, however, contended on behalf of appellants that their claim was contingent prior and up to the time of the entry of the decree the first of July, 1898, and that the limitation of section 70 does not apply to contingent claims.

The claim in the case of Stone v. Clark's Admins., *ante* (40 Ill. 411), was contingent, but the Supreme Court held that the limitation applied.  The same may be said of the Snydacker case.  We do not understand that the Stone case is reversed.  But the claim of appellants in the case at bar was not contingent.  It was in law as ripe and complete at the time the original bill was filed, except as to the amount, as it was when that decree was entered.  Nothing ever occurred or was done after the original bill was filed to change the claim from a contingent to an absolute one.  It does not appear that there was any contention, or any defense, upon the theory that the claim was contingent.

A contingent claim is one where no present interest exists, and where, whether such interest or right ever will exist, depends upon a future uncertain event; it depends for its effect upon an event which may or may not happen.  Such was not the condition of appellants' claim.  The Supreme Court did not hold that the defendants in said original bill were liable because of the happening of any event after that bill was filed.  Nothing whatever happened after that bill was filed to fix, or confirm, or establish the claim of appellants.  They recovered upon the liability which existed when they filed their bill and not by reason of anything which happened afterward.  The fact that it was uncertain as to the exact amount or percentage which had been paid on account of the stock held by Mr. Gillette did not make the claim, in law, contingent.  The

only contingency which existed, if it may be called a contingency, was as to the amount of the claim against Mr. Gillette, not as to the claim itself. That did not constitute or make the claim contingent.

Neither is the position of counsel tenable, that because the personal estate is held by two of the appellees as trustees under the will of Mr. Gillette, it may be subjected to the payment of the claim of appellants. It is immaterial whether the estate has been distributed or not, or where the title thereto rested at the time of the entry of the decree from which this appeal is prosecuted. The limitation of the statute depends upon the lapse of time; upon the fact that two years passed after letters testamentary issued before the claim was in any manner asserted as against the estate or the personal representatives of Mr. Gillette. If this was a contest between creditors of the estate the same limitation would be enforced.

It follows from what has been said, that the order or decree of revivor brings the appellees before the court and that the court has jurisdiction to proceed against them as it has done, but it does not change or affect the statutory limitation or its application to the assets of the estate of Mr. Gillette.

As we have said, the personal estate left by Mr. Gillette was very much greater than the total amount of claims against his estate, including the claim of appellants. Hence appellants can not enforce their claims against the heirs or devisees. (People v. Brooks, 123 Ill. 246; Guy v. Gericks, 85 Ill. 428; Ryan v. Jones, 15 Ill. 1.) There is therefore no liability by reason of or under the statute of frauds and perjuries. (Rev. Stat., Ch. 59, Secs. 10, 11, 12, 14 and 15.)

The claim of appellants against James F. Gillette in his lifetime and against his estate is simply and only a claim for the payment of the balance due and unpaid upon the capital stock of the Pacific Railway Company held by said Gillette. It is a debt due and owing and subject to the same limitations and defenses as any other debt. The estate is not held in trust for the payment of that debt, in

any other sense or to any greater extent, than it is for the payment of any other debt owing by the deceased.

No reason is apparent to us why the two-year limitation contained in said section 70 is not applicable in the case at bar. The decree of the Circuit Court is affirmed.