## Eugene H. Pearson et al., Executors, v. George B. Mc-Bean et al., Executors.

### Gen. No. 13,018.

ADMINISTRATION ACT—*section 70 construed.* By virtue of this statute a contingent claim or one upon which no recovery against an estate could be predicated until the happening of a particular event, cannot be enforced against the deceased's estate if not presented within the statutory period, even as to undistributed assets or assets reserved by the representatives of such estate especially for the purpose of meeting such contingent claim in the event of the same being enforced.

Action of debt. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed April 30, 1907.

**Statement by the Court.** This is an action of debt brought by appellants against appellees on October 6, 1902. The original declaration avers that Duncan S. McBean in

his lifetime on, to-wit: the 18th day of May, 1897, by his certain writing, under seal, of that date recited that on the 10th day of March, 1895, he became the owner of a certain judgment against the city of Chicago in favor of Ida Schmidt, a minor, which was rendered in the Superior Court of Cook county on the 11th day of December, 1894, and that in consideration of $5,000 to him duly paid he sold, assigned and transferred to James H. Pearson, of the city of Chicago, said judgment, said writing containing a power of attorney to said Pearson to do everything necessary for the purpose of collecting the amount due on said judgment, and in said writing the said McBean covenanted that there was due on said judgment the sum of $5,000, interest and costs, and that he had not collected the same or any part thereof.

The declaration then avers that by virtue of said contract of assignment Duncan S. McBean in his lifetime warranted that he had a title to the judgment and good and lawful authority to sell the same to said Pearson, that the said Duncan S. McBean did not have good title to said judgment or any part thereof at the time of the making of said contract and assignment, but that his title thereto had wholly failed; that by the order and decree of the Superior Court of Cook county entered on the 13th day of June, 1902, in a proceeding pending in said court, wherein the said Ida Schmidt was complainant and the said George B. McBean and Emma A. McBean, as executors of Duncan S. McBean, and the said Eugene H. Pearson, Granger Farwell and Hugh N. Scott, executors of the last will and testament of James H. Pearson, were defendants, the said assignment of said judgment so made by said Duncan S. McBean was duly set aside and for naught held and esteemed.

And the plaintiffs aver that afterwards, on the 1st day of June, 1898, the said Duncan S. McBean departed this life testate, and the said George B. McBean and Emma A. McBean were afterwards, on the 10th day of June, 1898, duly appointed executors of his last will and testament by the order and judgment of the Probate Court of Cook county; that afterwards said George B. McBean and Emma

A. McBean qualified as executors and entered upon the performance of the duties imposed upon them by the statute and by the will of said Duncan S. McBean, and on the 12th day of May, 1901, said James H. Pearson departed this life testate and said Eugene H. Pearson, Granger Farwell and Hugh M. Scott, plaintiffs, were duly appointed by his last will and testament as executors of the same, and that they afterwards qualified as such executors and entered upon their duties as such under an order and direction of the Probate Court, whereby and by reason of the failure of the title of the said Duncan S. McBean to the said judgment so mentioned and described in said writing the plaintiffs have a right of action against the said defendants as executors as aforesaid for said sum of $5,000 and interest thereon from the date of said assignment of said judgment.

The defendants filed two pleas to said declaration, first, the plea of *nil debet,* and second, a special plea averring that they were appointed executors of the estate of Duncan S. McBean, deceased, and qualified as such executors and accepted the trust on the 25th day of May, 1898, and that within six months thereafter they gave notice in manner and form approved by law for all persons having claims against said estate of Duncan S. McBean, deceased, to attend at the term of said court named in said notice for the purpose of having the same adjusted, and that on the 8th day of July, 1898, they filed an inventory and appraisement of all the estate of Duncan S. McBean, deceased, which was duly approved by the Probate Court, and that all the assets belonging to the said estate were duly inventoried and accounted for by the defendants within two years after the granting of the letters testamentary as aforesaid, and that more than two years had elapsed since the granting of said letters testamentary to the defendants prior to the commencement of this suit, and that the plaintiffs had not and did not, nor did the testator of the said plaintiffs, at any time within said two years, present to said Probate Court or exhibit to the defendants the said claim against said estate or these defendants as executors of the last will and

testament of said McBean, deceased; that said plaintiffs
were not and are not, nor was the testator of said plaintiffs,
under any of the disabilities named, specified and provided
by the statute in that behalf and that thereby the said
alleged claim of said plaintiffs in the said declaration men-
tioned became and was absolutely and forever barred against
the defendants as executors aforesaid of the said estate of
Duncan S. McBean, deceased, except as to any estate of
said McBean which was not inventoried or accounted for by
the defendants as aforesaid.

To the plea of *nil debet* the plaintiffs filed a similiter.

The plaintiffs filed a replication to the defendants' second
plea to the plaintiffs' original declaration, in which they
averred that on or about the 13th day of May, 1899, the
said Ida E. Schmidt, named as plaintiff in the judgment set
forth in the assignment in said plaintiffs' declaration set
forth, filed her bill of complaint in the Superior Court of
Cook county against said defendants as executors as afore-
said and others, among whom was James H. Pearson, and
that after his death the same was revived against the plain-
tiffs as executors as aforesaid, praying among other things
that the assignment of said judgment be set aside and an-
nulled, and that such proceedings were had upon said bill of
complaint and the answers thereto and the replications to
said answers and the proofs introduced by the respective
parties that on, to-wit: the 13th day of June, 1902, the
said Superior Court set aside and held for naught by its
decree the said assignments as in the bill of complaint was
prayed.

And the plaintiffs averred that by reason of the setting
aside of said judgment and the assignments of said judg-
ment a cause of action accrued against the defendants as
executors aforesaid on the 13th day of June, 1902, to ask
and demand of and from said defendants as executors afore-
said the damages occasioned by and accruing to said plain-
tiffs by reason of the decree of the court setting aside the
said assignments and the failure of title of said defendants
to said judgment; and that as executors aforesaid the de-

fendants thereupon set apart and reserved from the estate of said Duncan S. McBean, deceased, a sufficient amount of money and property belonging to said estate to pay the damages, costs and interest by reason of the failure of the title to said judgment. To this replication to defendants' second plea to the plaintiffs' original declaration the defendants filed a general demurrer.

By leave of court the plaintiffs at the same time filed an additional count to their declaration, in which they set up the said assignment of the judgment in the Superior Court as set forth in the original declaration, the warranty which the said Duncan S. McBean made as to his title to the judgment in said assignment, the filing of the bill of complaint in the Superior Court by Ida E. Schmidt praying that said assignment be set aside and held for naught; that answers were filed to said bill of complaint, and that afterwards by the order and decree of said Superior Court said assignment of said judgment was duly set aside and held for naught, and that the title of said McBean and of his estate thereby failed; that James H. Pearson departed this life on the 12th day of May, 1901, and the appointment of the plaintiffs as his executors and their qualification as such, and that they were duly made parties to said bill of complaint filed by said Ida E. Schmidt and were parties at the time the final decree was entered in said cause.

Plaintiffs then aver that Duncan S. McBean departed this life on or about the 25th day of May, 1898, and that George B. McBean and Emma A. McBean were duly appointed executors of his last will and testament and qualified as such on the 25th day of May, 1898, and entered upon the performance of their duties, and that by reason of the premises and of the failure of the title of said McBean and the title of his estate to said judgment mentioned and described in said assignment, the plaintiffs as executors have a right of action against said defendants as executors for the said sum of $5,000 and interest thereon from the date of said assignment of said judgment. To said additional count the defendants filed the plea of *nil debet* and also a special

plea averring that they were appointed executors of the estate of Duncan S. McBean by the Probate Court of Cook county on the 25th day of May, 1898, and qualified as such and within six months thereafter gave notice in manner and form as aforesaid by law for all persons having claims against said estate of Duncan S. McBean, deceased, to attend at the term of court therein named for the purpose of having the same adjusted, and that on the 8th day of July, 1898, they filed an inventory and appraisement of all of the estate of said Duncan S. McBean, deceased, which was duly approved by the Probate Court, and that all the assets belonging to the estate of Duncan S. McBean, deceased, were duly inventoried and accounted for by the defendants within two years after the granting of letters testamentary to them by the Probate Court of Cook county, and that more than two years had elapsed since the granting of said letters testamentary to the defendants as aforesaid prior to the commencement of this suit, and that the plaintiffs· have not and did not, nor did the testator of the said plaintiffs, at any time within said two years present to said Probate Court or to these defendants the said claim against said estate; that the said plaintiffs were not and are not, nor was the testator of the said plaintiffs, under any of the disabilities named, specified and provided by statute in that behalf, and that thereby the said alleged claim of the said plaintiffs in the said declaration mentioned became and was absolutely and forever barred against these defendants as executors aforesaid, except as to the estate of the said Duncan S. McBean, deceased, which· has not been and is not inventoried or accounted for by these defendants as aforesaid.

The plaintiffs filed a general demurrer to the defendants' second plea to the said additional count of plaintiffs' declaration. The court below overruled the plaintiffs' demurrer to the defendants' second plea to the additional count of plaintiffs' declaration and sustained the defendants' demurrer to the plaintiffs' replication to defendants' second plea to plaintiffs' original declaration.

It was then admitted in open court by counsel for plain-

tiffs that there is no estate of the said Duncan S. McBean, deceased, which has not been and is not inventoried or accounted for by the defendants; and the plaintiffs elected to stand by their said demurrer and said replication.

Thereupon, upon the admission that there were no such assets, and that no judgment was desired against appellees for assets which had not been inventoried or accounted for by the defendants, judgment was entered by the court in favor of defendants.

The case comes to this court on plaintiffs' appeal from that judgment.

CHARLES R. WHITMAN and HENRY L. WILSON, for appellants.

RITSHER, MONTGOMERY, HART & ABBOTT, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

The issue raised by the special pleas of appellees concedes that appellants were and are entitled to a judgment against any of the assets of the estate of Duncan S. McBean, deceased, which had not been inventoried or accounted for by appellees as executors. Counsel for appellants, however, admitted in open court that there is no estate of Duncan S. McBean, deceased, which has not been and is not inventoried or accounted for by the defendants, and thus in effect said that they waived and were not seeking a useless judgment against uninventoried or subsequently discovered assets, but they claimed and now claim the right to a judgment against the defendants, appellees, to be paid out of the money and property of said estate which they allege in their replication to defendants' second plea to the original declaration has been set apart and reserved by the defendants from the estate of McBean, deceased, to pay the damages, interest and costs due by reason of the failure of title to the judgment assigned by McBean to Pearson. By defendants' demurrer to that replication defendants admit that they have "set apart and reserved from the estate of said

Duncan S. McBean, deceased, a sufficient amount of money and property belonging to said estate to pay the damages, costs and interest by reason of the failure of the title to said judgment."

It appears from the pleadings that on May 18, 1897, Duncan S. McBean, appellees' testator, executed and delivered to appellants' testator an assignment of the judgment in question. On May 25, 1898, Duncan S. McBean having died, letters testamentary in his estate were granted to appellees and they proceeded with the administration, causing adjudication to be entered in the Probate Court, and an inventory and appraisal of the estate to be filed, and accounted for all the estate within two years from the granting to them of the letters.

Within one year from the granting of the letters, May 13, 1899, Ida E. Schmidt filed her bill making appellants' testator and appellees parties defendant, and on June 13, 1902, obtained a decree setting aside the assignment of the judgment; and appellants commenced this action October 6, 1902. It also appears that appellees have a sufficient amount of undistributed assets of the estate of McBean in their hands to pay the damages, costs and interest sued for in this action.

The question presented and argued is, can appellants maintain this action for a recovery of the money paid by Pearson to McBean against appellees to the extent of the money or personalty remaining in their hands, or have they lost this right of action, except as to estate afterwards discovered and not inventoried, by reason of their failure to present the claim as provided in section 70, chapter 3, Hurd's Revised Statutes, in force at the time of the commencement of this action.

The able and exhaustive brief and argument filed in this case by counsel for appellants presents, we think, all the law bearing upon the case as announced in the decisions of this State fairly and clearly, but we are unable to yield assent to some of the conclusions drawn from the authorities cited.

Counsel for appellants urge that inasmuch as neither Pearson in his lifetime, nor appellants as his executors, could have sustained any claim in the Probate Court against the estate of Duncan S. McBean, or have maintained any action at law against the executors of that estate until the decree was entered in the Superior Court, June 13, 1902, section 70 of chapter 3, Hurd's Revised Statutes, should not be so construed as to bar a recovery against the McBean estate except as to assets not inventoried or unaccounted for, because of the admitted fact that appellees hold in trust, as executors of the McBean estate, sufficient personal property of such estate to satisfy appellants' claim, and which at common law should be applied in satisfaction thereof. It is contended that such a construction, in view of the fact that there are undistributed assets in appellees' hands, and of the contingent character of the claim of appellants, and of the full knowledge of all the facts discovered to appellees in the litigation in the Superior Court, would be inequitable and unjust.

We do not think that the fact that there were undistributed assets in the hands of appellees as executors of the McBean estate is material. The operation of the statute is not affected by that fact. The limitation of the statute depends upon the lapse of time after letters testamentary were issued, and is not suspended by the non-distribution or the reservation of money or property of the estate in the hands of executors or administrators. Cunningham v. Stanford (N. J.), 54 Atlantic Rep., 245.

This precise question was presented to this court in Morse v. Gillette, 93 Ill. App., 23, 30, and was decided adversely to appellants' contention.

The knowledge of appellees that the claim here in controversy was made in the cause in the Superior Court in which the decree was entered setting aside the assignment of the judgment, did not take the case out of the statute requiring claims or demands to be exhibited against the estate within two years from granting of letters. Morse v. Pacific Ry. Co., 191 Ill., 356, 361.

The main question presented and argued by appellants as to their right to maintain this action against appellees for the recovery of any other judgment than that corresponding to the common law judgment of *quando acciderint,* notwithstanding the bar of section 70 of chapter 3 of the statutes, we regard as settled in Stone v. Clark, 40 Ill., 411; Snydacker v. Swan, 154 id., 220; Rassieur v. Jenkins, 170 id., 503; Morse v. Gillette, 191 id., 371, and Morse v. Pacific Ry. Co., *supra.*

The judgment of the Superior Court is therefore affirmed.

*Affirmed.*