EUGENE H. PEARSON *et al.* Appellants, *vs.* GEORGE B. Mc-
BEAN *et al.* Appellees.

*Opinion filed December 17, 1907.*

EXECUTORS AND ADMINISTRATORS—*when claim against estate is
barred.* A claim against an estate for the amount paid to the de-
ceased for an assignment of a judgment is barred by section 70 of
the Administration act, except as to uninventoried assets, if not
presented for allowance within two years after the granting of the
letters testamentary, notwithstanding the assignment was not set
aside until after the two years had expired, and notwithstanding
there are sufficient inventoried assets in the hands of the executors
to satisfy such claim. (*Stone* v. *Clarke,* 40 Ill. 411, and *Snydacker*
v. *Swan Land and Cattle Co.* 154 id. 220, followed.)

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. JESSE HOLDOM, Judge,
presiding.

This was an action of debt commenced by the appellants,
as executors of James H. Pearson, deceased, against the
appellees, as executors of Duncan S. McBean, deceased, in
the superior court of Cook county, on the sixth day of Oc-
tober, 1902, to recover the sum of $5000, and interest, which
had been paid by Pearson to McBean on the 18th day of
May, 1897, in consideration of the assignment by McBean
to Pearson of a judgment in favor of Ida E. Schmidt against
the city of Chicago, rendered December 11, 1894, which as-
signment had been set aside by the superior court of Cook
county on June 13, 1902, in accordance with the mandate
of this court. (*Schmidt* v. *Shaver,* 196 Ill. 108.) The su-
perior court rendered judgment in favor of the executors of
McBean, which judgment has been affirmed by the Branch
Appellate Court for the First District, and a further appeal
has been prosecuted to this court.

It appears that Duncan S. McBean died on June 1, 1898,
and letters testamentary were issued on his estate to appel-

lees on June 10, 1898; that the appellees proceeded with the administration of his estate by giving notice to creditors and filing an inventory and appraisement in accordance with the statute; that on the 13th day of May, 1899, Ida E. Schmidt filed a bill in the superior court of Cook county to set aside the assignment of said judgment from McBean to Pearson; that on June 13, 1902, a decree was entered by the superior court of Cook county setting aside said assignment of said judgment, and that at the time this suit was commenced the appellees had a sufficient amount of the estate of McBean in their hands, as his executors, to pay the amount claimed to be due the estate of Pearson by the estate of McBean. It was admitted, upon the hearing, by the appellants, in open court, that there were no assets belonging to the estate of McBean which had not been inventoried or accounted for by his executors during the two years subsequent to the granting of letters testamentary to the appellees, and the appellants having stated in open court that they did not desire a judgment payable out of subsequently inventoried assets, a judgment was rendered in favor of the appellees.

CHARLES R. WHITMAN, and HENRY L. WILSON, for appellants:

The liability, at common law, of the heir for the debts, by specialty, of his ancestor is not abolished by the statutory provision that the personal estate must be exhausted before the real estate taken by the heir can be touched. *Mackin* v. *Haven*, 187 Ill. 480.

Where a remedy is provided by statute, one having existed at common law, such remedies thereby become cumulative, and the plaintiff may elect between them. 6 Am. & Eng. Ency. of Law, (2d ed.) 270; 26 id. 671; *Maxwell* v. *People*, 189 Ill. 546; *Coal Co.* v. *People*, 214 id. 421.

Section 1 of the fourteenth amendment to the Federal constitution provides that "no State shall make or enforce

any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty or property without due process of law."

Section 2 of article 2 of the constitution is as follows: "No person shall be deprived of life, liberty or property without due process of law."

Section 19 of article 2 of the constitution provides that "every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation. He ought to obtain, by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay."

The terms "by due course of law" and "by the law of the land" are synonymous with "by due process of law." 10 Am. & Eng. Ency. of Law, (2d ed.) 290; *Millett* v. *People,* 117 Ill. 294; *Normal School District* v. *Blodgett,* 155 id. 441; *Ritchie* v. *People,* 155 id. 98.

The meaning of the guaranty that no person shall be deprived of life, liberty or property without due process of law is, that he shall "be afforded an opportunity to defend, protect and enforce such rights in an orderly proceeding adapted to the nature of the case." 10 Am. & Eng. Ency. of Law, (2d ed.) 296, 300; *People* v. *Rose,* 207 Ill. 352.

In all cases where the right of action comes into existence under common law principles, the plaintiff is constitutionally entitled to a reasonable time in which to bring suit after the cause of action shall accrue. A legislative enactment barring such remedy is equally unconstitutional, whether enacted subsequent or prior to the time when the cause of action may accrue. *Thornton* v. *Turner,* 11 Minn. 336; *West* v. *Sansom,* 44 Ga. 295; *Riggs, Peabody & Co.* v. *Martin,* 5 Ark. 506; *Barry* v. *Port Jarvis,* 64 App. Div. (N. Y.) 268; *Williams* v. *Port Chester,* 72 id. 505; *Same* v. *Same,* 97 id. 84, and 183 N. Y. 550.

RITSHER, MONTGOMERY, HART & ABBOTT, for appellees.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The controlling question in this case is whether section 70 of chapter 3 of the Revised Statutes, (1 Starr & Cur. Stat.—2d ed.—p. 301,) which provides that all seventh-class claims shall be exhibited to the court for allowance within two years from the granting of letters testamentary or of administration, and that all demands not exhibited within that time shall be forever barred except as to the estate of the deceased not inventoried or accounted for, applies to the claim of appellants. We think that question must be answered in the affirmative, and it must be held that the claim of appellants was barred by the two years' Statute of Limitations at the time this suit was commenced.

The appellants seek to avoid the bar of the statute on the ground that their claim was contingent up to the 13th day of June, 1902, that being the date upon which the superior court entered the decree to set aside the assignment from McBean to Pearson. In *Stone* v. *Clarke,* 40 Ill. 411, letters of administration were granted on the 18th day of January, 1860, and the administrator was summoned to defend a claim which was based upon an indemnifying bond, on the fourth day of March, 1862. The same contention was made in that case which is made here, but the claim, although conceded to have been contingent, was held to have been barred. The court said (p. 414): "Stone certainly had no claim until he was damnified, and as he was not liable on the notes, and thereby suffered damage, until after the lapse of two years, his claim had not accrued within two years, and no suit could have been, or was, instituted within the two years, consequently Stone's claim was barred, except as to future discovered property." The *Stone case* has been approved in *Snydacker* v. *Swan Land and Cattle*

*Co.* 154 Ill. 220, *Rassieur* v. *Jenkins,* 170 id. 503, and *Morse* v. *Pacific Railway Co.* 191 id. 356, and must be held to be the settled law of this State; and the fact that the entire estate of McBean had not been distributed but a sufficient amount thereof remained in the hands of his executors to satisfy appellants' claim at the time the suit was commenced does not affect the result, as the assignee in the *Rassieur case* and the executors in the *Morse case,* where the doctrine of the *Stone case* was applied, each had ample funds in their hands with which to have satisfied the claims which were held to be barred.

It is thought that the doctrine of the *Stone case* has been repudiated in *Dugger* v. *Oglesby,* 99 Ill. 405, and *Suppiger* v. *Gruas,* 137 id. 216. Those cases were reviewed in the *Snydacker case,* also in the *Rassieur case,* and to the extent that they were in conflict with the *Stone case* they were overruled.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*